Whyte, J.
delivered the opinion of the court.
The plaintiffs caused a writ to be issued against the defendants, tested the 4th Monday in May, 1826, from the office of the clerk of the county court of Hawkins county, in the name of the justices of the said court, in a plea of covenant broken, &c. The writ was executed on the defendants, and declaration duly filed. The cause was continued from term to term, until February term 1827, when the record states, that the defendants being solemnly called to come into court, came not, but made default, upon which judgment was rendered, and a writ of inquiry awarded to be executed at the next term. At may term, 1827, the judgment by default was set aside, as far as it respected Elijah Embree, and leave given him to plead. He era- *412 vedoyer of the writing obligatory, &c. and demurred; the plaintiffs joined in demurrer. The cause was then continued from term to term, until 1828, when a nolle prosequi as to Elijah Embree was entered. At the same term the writ of inquiry was executed, and the damages assessed by the jury to $4,338 13, and execution to issue. At the November term of the said court, 1829, it is stated in the record, that since the rendition of the judgment, in 1827, it being suggested to the court, that Nicholas Carriger, one of the defendants, departed this life, and that Leonard Carriger and Jonathan Eaton, are his administrators; it is therefore ordered by the court, that a scire facias issue for them to appear and show cause why execution should not issue against them, to be levied of the goods and chattels of their intestate in their hands, &c.. At the return of the said scire facias, February term, 1830, it having been executed on the administrators, they appeared and pleaded, that the final judgment was not rendered in the cause mentioned in the scire faciás against the defendants, until the August term of the county court of Hawkins, in the year 1828, and that the defendant in the said action, Nicholas Carriger, their intestate, died on the 24th day of May, 1827, before final judgmént was rendered in said cause, and that nothing but judgment by default was rendered against the said Nicholas Carriger in his life time. To this plea the plaintiff demurred, and the defendants joined in demurrer. The county court sustained the demurrer, and gave judgment that the plaintiff should have execution against the defendants, the administrators of Nicholas Carriger deceased, for the sum of $4,338 13, the amount of the judgment in the scire fa-cias mentioned, with interest from the 29th August^ 1828, with costs, to be levied of the goods and chattels of their intestate, Nicholas Carriger deceased, to be administered.
J. A. McKinney, for the plaintiffs in error.
Parsons, for defendants in error.
To this judgment of the county court of Hawkins, the administrators took their writ of error, and brought up the cause to the circuit court of Hawkins county. Several errors are assigned, but it is not necessary to particularize them, as the common error assigned is sufficient — the having rendered judgment against the defendants below, the administrators; for no proposition in our law is more clear than this, that a judgment rendered against a dead man, is an absolute nullity. The object of all law is the living man, not the dead body. The defendants in error’s case is not helped by a scire facias; its object is to enforce against the administrators, a lien previously established against, and fixed upon their intestate. When there is no such lien, the scire facias is powerless; its action is not original, but consecutive and successive, wholly dependent upon the liability created against the living man. Without this foundation, the scire facias against the administrator is only an inoperative and empty form, without substance and without effect. The circuit court reversed the judgment of the county court, and gave judgment in favor of the administrators; which judgment this court affirms. The point in this cause has been also adjudged at the last term of this court at Reynoldsburg, in the case of Kelly vs Lucas and Hooper,(a) where it was held, that a judgment rendered against a dead man is void.
Judgment affirmed.

 Ante, page 395.