Nolan v. Cameron.

JAMES NOLAN v. JAMES CAMERON et al.

RES ADJUDICATA. *Judgment.* It was agreed that the judgment of the Supreme Court in a certain case should determine the other cases pending in the court below. Judgment was entered in the Supreme Court, and it is *held,* that upon trial of cases below, upon proper issue, by answer or plea, the invalidity of the judgment of the Supreme Court might be shown as that the parties were dead at the time of rendition of judgment.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

BIGELOW & HILL for complainant.

H. C. KING for defendant.

FREEMAN, J., delivered the opinion of the court.

The question conclusive of the controversy in this case is, whether the plea of *res adjudicata* was prop-

erly decided by the chancellor in favor of the defendants.

The principle that governs as to the effect of a former adjudication, is thus stated by the Supreme Court of the United States: "So far as the demand or matter thus involved in the suit is concerned, the judgment has closed all controversy; its validity is no longer open to contestation, whatever might have been said or proved at the trial for or against it. The judgment is not only conclusive as to what was actually determined respecting such demand, *as between the same parties*, but as to any matter which might have been brought forward and determined respecting it. When the judgment, however, is offered in evidence between the same parties upon a different demand—it operates as an estoppel only upon the matter actually at issue and determined in the original action: *Cromwell* v. *Sac County*, Am. Law Reg., vol. 16, 74; *Davis* v. *Brown, Id.,* 481. With these rules our own cases accord.

It is not seriously contested in argument, that this very question, as now in contest between us, has not been presented as between these parties, and judgments had against complainant on the question. If contested, however, it need but be stated, that this question was one that might have been made, when the executions were ordered in the cases reserved in the court below to await the result of the test case that had gone to the supreme court. It was made in the Dupuy case,. and probably in other parts of this much litigated matter. In fact, it is clear this question has been

adjudged, or was necessarily a defense that might have been made in repeated instances—if it had any validity—of which there might well be much doubt.

On the facts of the case, the question now urged is, that when the test case was taken by the present complainant to the supreme court, an agreement was entered in the court below that the other cases (some five or six in number), should abide the judgment in that case. The judgment was against the appellant in that case, and the judgment certified to the court below, whereupon execution issued in accord with that decision of this court. It is now urged that the test case was tried after the death of the defendants in error, and that judgment therefore, as a judgment, is void. Concede the fact to be so, the argument and the fact might be a good one against the enforcement of that judgment—but it is doubtful, to say the least of it— whether the validity or invalidity of that judgment has much bearing on the other cases. It is probable the true meaning of the agreement is, that the opinion or judgment of this court on the legal questions involved, were to be decisive of the rights of plaintiffs in the reserved cases and not the validity or invalidity of the judgment as between the parties.

Be this as it may, however, the cases cited by counsel and argument based on them, have no application to the question now before us.

It was probably held in these cases, that in actions of ejectment and other suits at law, where a record of judgment was introduced as evidence to sustain or defeat a right, that if it was valid on its

Nolan *v.* Cameron.

face, its invalidity could not be shown by testimony *aliunde.* These cases were all ruled properly.

But it has not been held that where the judgment is directly sought to be enforced, or its validity directly in contest, as in this case, that you cannot show it to be a nullity, either when so alleged in an, answer or on a plea in a court of law, by showing the court had no jurisdiction of the parties—or that it was obtained by fraud—a judgment had where the court had no jurisdiction of the parties, or of the subject-matter, is void. So, when the parties are dead: Waits Act. and Def., vol. 4, p. 195; 10 Hum., 342; 2 Heis., 303.

This is not within the principle of the case referred to, nor contrary to them. The matter of the existence of the judgment was the very matter set up in the answer of the Dupuy case in this record, and the party could have well proven the allegations therein made—if material to his defense. So, in several other of these proceedings, the defense was open to him, as far as it was legally available—certain it is—he has lost all benefit of it—if it ever was a good defense, by what is presented in this record. Of this we can have no question.

Affirm the decree.