# COOPER'S ESTATE v. KEATHLEY.—177 S. W. (2d) 356.

Middle Section. September 18, 1943.

Petition for Certiorari denied by Supreme Court, January 8, 1944.

8

David W. Shields, Jr., and Leighton Ewell, both of Manchester, for plaintiff in error.

Malcolm C. Hill and S. G. Butler, both of Sparta, for defendant in error.

FELTS, J. This is a contest upon a claim against the estate of Tom L. Cooper, deceased, under chapter 175, Public Acts of 1939.

The County Court of Coffee County appointed Mrs. Alice L. Cooper administratrix of the estate of Tom L. Cooper, deceased, August 19, 1941. On August 22 she caused to be published a notice of her qualification, notifying all persons having claims against the estate to file them within a year.

The claim in contest was filed September 16, 1941 in the following form:
"240

$898.38

One day after I promise to pay to the order of Mrs. John A. Cooper eight hundred & ninty eight dollars and thirty eight cts for value received of her This Oct. 3 1935

Thos. L. Cooper.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

$30.00

Received on the within note thirty dollars, this Jan. 1, 1937

$8.00

Received on the within note Eight dollars This Mar. 16 1937.

Sworn to and subscribed before me, this the 16th day of September, 1941.

Mrs. D. T. Keathley.
Filed in my office
9–16–41
J. F. Smartt, Clerk.''

Henry Cooper, one of the heirs at law of Tom L. Cooper, deceased, filed exceptions to the claim on September 14, 1942, upon the grounds that Mrs. D. T. Keathley, the claimant, had no interest or title in the claim filed; that it was not verified by affidavit as required by chapter 175, Acts of 1939; that it was not filed in duplicate in the form and manner required by that Act; and that it was barred by the statute of limitation of six years.

The clerk, as required by the Act, gave notice and set the hearing on the exceptions for Sepember 30, 1942. On that date was filed an amendment to the claim as follows:

''Amendment to Former Statement of Claim.

''Mrs. Mirtie Cooper Keathley, executrix of the will of Mrs. John A. Cooper, deceased, would respectfully show to the Court:

''That heretofore on the 16th day of September, 1941, prior to the death of her testatrix on January 5, 1942, at the expressed request of the said Mrs. John A. Cooper and acting as her agent and duly authorized so to do, filed a claim in the cause on behalf of the said Mrs. Cooper against the estate of Tom Cooper, deceased, Said claim was and is evidenced by the original note in the

handwriting of and executed by the said Tom Cooper and payable to the said Mrs. John A Cooper, and said note so filed and verified by affidavit is here referred to for its contents.

"The said Mirtie Cooper Keathley comes now as the executrix of the will of the said Mrs. John A. Cooper and by way of amendment to the claim heretofore filed as set out above, stated that said claim as evidenced by said promissory note is a correct, just and valid obligation of the estate of the decedent, that neither the claimant nor *here* estate, nor any other person on her or its behalf has received payment thereof, in whole or in part, except such as is credited thereon, and that no security therefor has been received.

"Malcolm C. Hill, Atty.

Mirtie Cooper Keathley.

"Subscribed and sworn to before me, this September 30, 1942.

J. F. Brantley,

"(SEAL) County Court Clerk.

"Received Sept. 30, 1942.

"J. F. Brantley, Clerk."

After this amendment was filed the exceptions were heard by the county judge, who sustained them and disallowed the claim. Mrs. D. T. Keathley, executrix, appealed to the circuit court. The matter was heard before the circuit judge without a jury. He overruled the exceptions, allowed the claim, and entered judgment on the note in favor of Mrs. D. T. Keathley, executrix, against the estate of Tom L. Cooper, deceased, for $1,235.43 and costs.

The contestant, Henry Cooper, brought the case here by appeal in error. He insists that, since the require-

ments of chapter 175, Acts of 1939 were not observed in filing the claim, it was a nullity and did not arrest the running of the statute of limitation of six years against the note or the running of the limitation of one year fixed by chapter 175, Acts of 1939 for filing the claim; that the bar of the former became complete October 4, 1941 and that of the latter August 23, 1942; that the amended claim filed September 30, 1942 could not relate back so as to remove the bar; and that the circuit judge should have so held and disallowed the claim.

Chapter 175, Acts of 1939 introduced important changes in the law of administration of estates of decedents. Under that Act the personal representative, within 30 days from the issuance of his letters, must publish notice for creditors and, within one year from the first publication of such notice, they must file their claims against the estate with the clerk of the county or probate court in which the estate is being administered. Likewise, within one year, certified copies of orders of revivor of suits revived in other courts against the personal representative must be filed with such clerk. All claims of whatsoever sort not so filed within the year are forever barred. The personal representative, or any creditor, distributee or heir, may except to any claim by filing written exceptions with the clerk; and all issues upon such exceptions are to be tried by the county or probate judge, without formal pleadings, upon evidence as in other cases.

The part of the Act relied on by plaintiff in error is section 2, which is in these words:

"Section 2. Be it further enacted, That within twelve (12) months from the date of the notice to creditors, required by Section One (1) hereof, all persons, resident

and non-resident, having claims against the estate of the decedent, whether the claimant be sui juris or otherwise, and whether the claim be due or not due, and whether the estate be solvent or otherwise, shall file them in duplicate with the clerk of the Court in which the estate is being administered. When any claim is evidenced by a written instrument, such instrument, or a copy attested by the clerk of the court as a true copy of the original, shall be filed; when due by a judgment or decree a copy thereof certified by the clerk of the court where rendered shall be filed; and when due by open account an itemized statement of the account shall be filed; and every claim shall be verified by affidavit of the creditor before an officer authorized to administer oaths; which affidavit shall state that the claim is a correct, just and valid obligation of the estate of the decedent, that neither the claimant nor any other person on his behalf has received payment thereof, in whole or in part, except such as is credited thereon, and that no security therefor has been received, except as thereon stated. No claim shall be filed by the clerk nor be deemed to be filed unless accompanied by a duplicate copy, but the duplicate need not be verified.

"Each claim thus filed with the clerk shall be entered by him in a well bound book, in which he shall set forth the title of the estate, the name and address of the creditor (as reflected by the claim filed), the nature and amount of the claim and the date of filing, which book shall be provided and paid for as are other records in his office. The clerk shall be allowed a fee of ten cents for each claim filed, and if allowed as a valid claim, to be paid by the personal representative, at the conclusion of the administration of the estate, as a part of the costs of the administration of the estate, and if such claim is not

allowed, such filing fee to be paid by the claimant.

"The filing of claims within the time and in the manner above provided shall operate to arrest any statute of limitations applicable thereto."

 This does not prescribe any particular form in which a claim must be stated. Where, as here, the claim is a note it would seem sufficient in form if the original note, verified by the affidavit required, was filed. In this case the original note itself, in the handwriting of the decedent himself, with the payments credited and shown thereon, was filed; but the verification or affidavit was not in the form required. Nor' did it show that Mrs. Keathley was undertaking to verify the claim as agent for Mrs. John A. Cooper. But that Mrs. Cooper was the owner and holder of the note was fairly inferable from the circumstance that it was payable to her order and was not endorsed by her. It was a negotiable instrument and was supported by the presumption that it had been issued for a valuable consideration and that the decedent, whose signature appeared thereon, had become a party thereto for value. Code, sec. 7348. Also it showed the credit and the balance due. The effect of this was that the note was prima facie a valid claim. That was the only purpose of the affidavit.

 Nor do we think the claim must be treated as a nullity merely because it was not filed in duplicate. It is true section 2 does say: "No claim shall be filed by the clerk nor be deemed to be filed unless accompanied by a duplicate copy, but the duplicate need not be verified." A duplicate copy of what? Not the duplicate of the verification or affidavit, for the duplicate "need not be verified." Nor is it the duplicate of the note, for it is sufficient to file "such instrument, *or* a copy." The

Act seems to contemplate that the claim should be set out in written form, as an informal pleading or statement of the cause of action; and that the original and a duplicate of this, with ''such instrument, or a copy,'' the original being verified by the affidavit required, should be filed. But this is an implication too tenuous to compel the drastic result contended for.

We think the intent of the Act was to afford a simple, inexpensive, and expeditious remedy for administration of estates of decedents; and it should be liberally construed to advance the remedy. It dispenses with formal pleadings. While this claim was defective in failing to meet the requirements of the Act, we think the defects could be cured by amendment. Our statutes of jeofails (Code, secs. 8707-8719) should apply with even greater force to a case of this kind than to others where the procedure is more formal and strict. A declaration which fails to state a cause of action and on which judgment would be arrested may be cured by amendment even after judgment and after motion in arrest. Hale v. Johnston, 140 Tenn. 182, 203 S. W. 949; Tennessee Cent. R. Co. v. Brown, 125 Tenn. 351, 143 S. W. 1129; Kingsport Utilities, Inc. v. Mort, 2 Tenn. App. 270; Park City v. Owens, 7 Tenn. Civ. App. (7 Higgins), 359.

The amendment in the case before us cured the defects and made the statement of the claim sufficient. Plaintiff in error does not complain against the allowance of the amendment. His insistence is that it could not relate back so as to save the claim against the limitation of six years and the limitation of one year for filing claims. An amendment which does not introduce a new cause or a new party relates back to the beginning of the suit. Macklin v. Dunn, 130 Tenn. 342, 170 S. W. 588,

Ann. Cas. 1916B, 508; Whitson, Adm'r, v. T. C. R. Co., 163 Tenn. 35, 40 S. W. (2d) 396. In the latter case a father sued for wrongful death of his minor daughter. After more than a year, discovering his mistake, he qualified as her administrator, and amended so as to sue in his capacity as administrator. It was held that this amendment did not introduce a new cause or a new party, and that it related back so as to save the cause from the bar of the one year statute. On the authority of that case, we think the amendment in this case did not introduce a new cause or party, and that it related back to the filing of the original claim and saved it from the bar.

The assignments of error are overruled, and the judgment of the circuit court is affirmed. Judgment will here be entered in favor of Mrs. D. T. (Mirtie Cooper) Keathley, executrix of the estate of Mrs. John A. Cooper, deceased, against Mrs. Alice L. Cooper, administratrix of the estate of Tom L. Cooper, deceased, for the amount of the judgment below, with interest, and the costs below. The costs of the appeal in error are adjudged against plaintiff in error, Henry Cooper, and the surety on his appeal bond.

Howell and Hickerson, JJ., concur.