PARK COUNTY, Wyoming, ex rel. PARK COUNTY WELFARE DEPARTMENT, Appellant (Plaintiff below),

v.

Frank BLACKBURN, Executor of the Estate of Carrie B. S. Hurlbut, Appellee (Defendant below).

No. 3231.

Supreme Court of Wyoming.

Aug. 12, 1964.

John F. Raper, Atty. Gen., and Richard T. Anderson, Asst. Atty. Gen., Cheyenne, for appellant.

Ernest J. Goppert, of Goppert & Fitzstephens, Cody, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

█ This case has to do with a claim made by Park County Welfare Department for reimbursement of welfare funds out of the estate of Carrie B. S. Hurlbut, deceased. Although the claim was for $7,314.-58, the inventory and appraisement in the estate showed assets of only $3,203.51. Also, claims for funeral expenses, the costs of probate, and expenses connected with the last illness of deceased are by statute preferred over any claim on the part of the welfare department. See §§ 2–240 and 2–242, W.S.1957.

When the deceased died, on January 21, 1961, § 2–242 of the probate code, as last amended by Ch. 110, § 1, S.L. of Wyoming, 1951, was in effect. Indeed, it was still in effect when the welfare department made its claim, when the will of deceased was admitted to probate and letters testamentary were issued, and when the publication of notice to creditors was commenced, on May 4, 1961.

Concerning such a recipient of welfare assistance as Carrie B. S. Hurlbut had been, § 2–242 (as amended in 1951) provided, if claim for repayment is made by the welfare department, the claim shall be reviewed by the district judge, and "within the discretion of such district judge" he may order the claim to be paid out of the assets of the estate.

This section of the probate code was amended and reenacted by Ch. 117, § 1, S.L. of Wyoming, 1961, which was approved February 17, 1961 and thereby became effective 90 days later, or on May 18, 1961. The amendment eliminated all references to the discretion of the district judge and provided in lieu thereof that the judge "shall order" the claim to be paid out of the assets of the estate after funeral expenses, costs of administration, and the expenses of last illness.

█ It seems almost axiomatic to us that rights of heirship or inheritance vest immediately on the death of a deceased person, and the devolutionary rights of the heirs must be determined by relation to that date. Wambeke v. Hopkin, Wyo., 372 P.2d 470, 474–475.

█ Thus, in the instant case, the devisees of the deceased acquired, at the time of decedent's death, an absolute right to the bequests made to them, subject only to the right of the district judge, in his discretion, to order repayment to the welfare department. We cannot in this particular case, however, determine what that discretion, if freely exercised, would have been.

█ The record discloses the claim of the welfare department was disallowed by Frank Blackburn, executor of the estate, and his disallowance was approved by the court upon a finding that a proper claim was not filed at a proper time in the probate proceeding for such estate. We are inclined to think a sufficient claim was filed in the proper proceeding and at such a time as would entitle it to consideration by the court, and that the district judge should have exercised his discretion in determining whether to order or not to order payment of the claim.

Two reasons for an absolute rejection of the claim, even without the judge exercising his discretion as to its payment, are advanced by the executor. First, it is suggested the claim was prematurely filed; and second, it is suggested the claim was not properly verified.

Both contentions are largely predicated upon our decision in State ex rel. Board of Charities & Reform v. Bower, Wyo., 362 P.2d 814, rehearing denied 363 P.2d 791. But in both instances the adoption of the position taken by the executor would require an expansion of our holding in the Bower case, requiring us to commit ourselves to pronouncements which we declined to make in the Bower opinion.

The claim involved in State ex rel. Board of Charities & Reform v. Bower was filed in a guardianship proceeding approximately 18 months before probate proceedings for

the estate of the decedent were instituted. It recited in so many words that it was presented to the "Guardian of the Estate." As stated in the opinion, at 362 P.2d 821, we recounted many defects in the claim but held merely that the claim in that instance could not be considered as such a creditor's claim as is contemplated by §§ 2–219, 2–221 and 2–222, W.S.1957, "because it was filed in a guardianship proceeding" at a time when no letters of administration had issued in the matter of the estate of the deceased.

Actually, we see no reason for implying that the issuance of letters of administration is controlling. We could just as well have said, in the Bower opinion, that the claim was not proper because it was filed in a guardianship proceeding at a time when no probate proceedings for the estate of the deceased had been commenced. In the case at bar, letters testamentary had not yet issued when the claim of the welfare department was filed, but probate proceedings had been opened by the filing of a petition for probate of will. Also, the claim was filed in the same and identical probate proceedings, and subsequently the will was admitted and executor appointed.

The statutory notice to creditors which was used in this case and which followed the provisions of § 2–219 required persons having claims to file them with the clerk of court (or to exhibit them to the executor) on "or before" six months after May 4, 1961. Upon receiving such a notice, the welfare department had a right to rely upon the fact that it had already done exactly what the notice called for. It had filed its claim with the clerk of court (and in the right proceeding) *before* six months after May 4, 1961.

While the notice, in keeping with the statute, fixes a date beyond which claims may not be filed, it does not imply that claims may not be filed with the clerk of court in which probate proceedings are instituted prior to any specified date. Indeed, the language employed in § 2–223, W.S.1957, affirmatively states that if the claim is filed

with the clerk "before" expiration of the time limited, it is filed in time. This does not infer, however, that a proper claim could be filed with the clerk before proceedings are commenced for probate of an estate, which was attempted in the Bower case.

If the legislature had intended to fix a point within the proceedings for probate of any estate, prior to which claims could not be filed, it could very easily have done so, as it has in many other instances. See for example § 22–64, W.S.1957, which requires the filing of nomination petitions "not more" than 90 days and "not less" than 40 days preceding a primary election.

■ The object of limitation statutes in estate matters is to expedite and facilitate the settlement of estates by providing a procedure whereby the executor or administrator of an estate can wind up the affairs of a decedent in an orderly manner and make distribution of assets as speedily as practicable. State ex rel. State Board of Charities & Reform v. Bower, supra, at 362 P.2d 822; Frost v. Frost, 100 N.H. 326, 125 A.2d 656, 658; Cooper's Estate v. Keathley, 27 Tenn.App. 7, 177 S.W.2d 356, 359. The purpose, however, is to bar belated creditors and not to furnish a vehicle by which executors or administrators may refuse to apply the assets of an estate to the payment of debts. Robinson v. Hodge, 4 N.J. 397, 73 A.2d 158, 162; In re Brown's Estate, Fla., 117 So.2d 478, 480.

In Wyoming, the filing of a claim with the clerk of court in the probate proceedings having to do with the administration of the estate of decedent, at any time after such proceedings are initiated and before the time limited by statute and the notice to creditors, serves this purpose. See Radar v. Rogers, 49 Cal.2d 243, 317 P.2d 17, 20; In re Kruse's Estate, 170 Kan. 429, 226 P.2d 835, 839; Lowry v. Crandall, 52 Ariz. 501, 83 P.2d 1003, 1004, 120 A.L.R. 271; Davis v. Davis' Estate, 56 Mont. 500, 185 P. 559, 560.

Turning then to the question as to whether a defective verification of a claim renders it void, we should say the verifica-

tion of the claim originally filed by the welfare department in this case is substantially in the same form as was the verification involved in the case of State ex rel. State Board of Charities & Reform v. Bower, supra. Attached to the welfare department claim was an affidavit reciting that Park County Welfare Department "being duly sworn" says, et cetera.

In the Bower opinion, at 362 P.2d 820, we said such language was meaningless, and truly it is because the welfare department was not sworn. However, the welfare department, through a duly appointed representative, can speak; and in the absence of more serious defects, it would not be unreasonable to infer that the officer signing the affidavit had been sworn and was speaking for the department. See State ex rel. Montana Flour Mills Co. v. District Court of Sixth Judicial Dist. In and For Park County, 110 Mont. 55, 99 P.2d 213, 215.

Also, we continued in the Bower opinion (at 362 P.2d 820) by saying there is "at least some doubt" if the officer whose signature was affixed could be successfully prosecuted for perjury if a false swearing were charged. That is tantamount to saying our minds were open on this subject and we had not decided whether the officer could or could not be successfully prosecuted.

As far as the case at bar is concerned, we are dealing with a claim which could not properly be presented to the executor for his action alone. Section 2-242, as it existed at the time of decedent's death, made it clear the claim was to be "filed against the estate" and thereafter reviewed by the judge.

The statute requiring the verification of certain claims, § 2-222, is somewhat ambiguous when applied to a claim which is contingent upon the district judge in his discretion ordering it paid or not ordering it paid. The language employed is to the effect that *every claim which is due when presented* must be supported by affidavit that the account is justly due; that no payments have been made which are not

credited; and that there are no offsets to the knowledge of affiant.

It is then provided if the claim be not due when presented, *or be contingent*, the particulars of such claim must be stated. Whether the particulars may be stated in the claim itself or must be stated in an affidavit, the statute does not expressly say. It does, however, provide that the executor or administrator may require satisfactory vouchers or proofs to be produced in support of the claim.

In the absence of a more cogent defect in the claim with which we are now concerned, and in the absence of a demand by the executor or court for the claimant to supply a corrected affidavit or to furnish further proof of its claim, we are inclined to say there was a substantial compliance with the law and sufficient to challenge the attention of the district judge and to enable him to act advisedly in the exercise of his discretion, subject of course to the right to require a corrected affidavit or additional proof of the claim.

Similar reasoning was employed by the Supreme Court of Oklahoma in Richison v. Morris-Morton Drug Co., 182 Okl. 188, 76 P.2d 1069, 1071, and that court saw fit to lay down the rule that a substantial compliance with verification statutes is all that is required where there is an opportunity for the person passing upon the claim to require further proof.

In State ex rel. Montana Flour Mills Co. v. District Court of Sixth Judicial Dist. In and For Park County, supra, at 99 P.2d 215, the Supreme Court of Montana indicated it was satisfied with verifications if the reasonable inferences to be drawn therefrom met the requirements of the statute. It pointed out that officers are the only ones who can speak for a corporation That would also apply in our case where the verification was signed for the welfare department by Mrs. Ann J. Harper, Director. See also In re Stephenson's Estate, 171 Or. 239, 137 P.2d 289, 294.

We find ample authority for the statement, as a rule to go by, that the re-

quirements for an affidavit supporting a claim against an estate are not intended to make it easier to avoid payment but are intended to make a claimant set forth his claim with such particularity that the person passing upon it will be fully advised as to just what is claimed; and all that is required is substantial compliance. Tangren v. Snyder, 13 Utah 2d 95, 368 P.2d 711, 712; United States Fidelity & Guarantee Co. v. Keck, 75 Cal.App.2d 828, 171 P.2d 731, 732. See also Annotation 74 A.L.R. 368, 393; 34 C.J.S. Executors and Administrators § 418, p. 205; and 21 Am.Jur., Executors and Administrators, § 375, p. 594.

The claim of the welfare department should have been reviewed by the district judge, and he should have exercised his discretion as to whether he would or would not order it paid out of the assets of the estate.

Remanded for further proceedings consistent with the views herein expressed.