**In re Peter J. SCHULTE and Paula J. Schulte, Debtors.**

**Cherie Shelton NORMAN, Chapter 7 Trustee of the Bankruptcy Estate of Peter and Paula Schulte, Plaintiff,**

v.

**Paula SCHULTE, Defendant.**

**Bankruptcy No. 86–05085–A. Adv. No. 88–0539.**

United States Bankruptcy Court, D. Wyoming.

July 7, 1989.

## MEMORANDUM AND JUDGMENT

HAROLD L. MAI, Bankruptcy Judge.

Paul W. Lange, Sr., died February 14, 1986. His Will named his widow, Guelda Lange, as his sole heir. There was no residuary clause in Mr. Lange's Will specifying disposition should Mrs. Lange not take under the Will. At the time of his death, he had five (5) children, including debtor Paula Jean Schulte. On April 25, 1986, Paula Jean Schulte filed a Chapter 7 case. On November 5, 1986, Guelda Lange filed a disclaimer for specific assets.

The disclaimed assets consist of stocks and bonds. The debtor's share is valued at $92,082.00. The trustee now claims this entire share.

The issue is whether debtor's interest in the estate of her father is part of her bankruptcy estate under 11 U.S.C. § 541(a)(1) or (a)(5).

A devisee or legatee under a Will has the power to prevent passage of title to himself or herself by disclaimer or renunciation. See section 2–1–401 through 2–1–404, W.S. 1977. The interest disclaimed passes by

will or intestacy as if the disclaimant did not survive the decedent. Section 2–1–404, W.S.1977.[1]

This must mean that when a disclaimer is filed, the renunciation relates back to the time of death of the decedent. The property must then pass effectively immediately to legatee. *Estate of Reed*, 566 P.2d 587, 589 (Wyo.1977).

The interests of distributees in real and personal property accrue immediately on the death of the ancestor (sec. 2–7–402, W.S.1977), whether that distributee is known or unknown at the time of death, subject only to the legal title given to the administrator for the purpose of administration, the beneficial interest remaining in the heir or distributee. *In re Rigby's Estate*, 62 Wyo. 401, 167 P.2d 964, 968 (1946); *Park County v. Blackburn*, 394 P.2d 793, 794 (Wyo.1964); *Wambeke v. Hopkin*, 372 P.2d 470, 473 (Wyo.1962).

11 U.S.C. sec. 541(a)(1) provides that the estate of a debtor consists of all legal or equitable interests of the debtor in property at the commencement of the case. Debtor's father passed away February 14, 1986. Debtor was vested with a 20% interest in the estate of her father effective February 14, 1986. The bankruptcy case was filed April 25, 1986. Therefore, debtor's estate includes her interest in stocks and bonds apparently equal to $92,082.00, pursuant to U.S.C. § 541(a)(1).

Trustee is awarded judgment on the complaint and debtor is ordered to turnover to trustee the following:

1. $30,000 face value of Intermountain Power Agency bonds due July 2018;
2. $40,000 face value of Intermountain Power Agency bonds due July 2021;
3. 200 shares of common stock of Pacificorp.

Plaintiff trustee will prepare an order reflecting the Decision of the court.

---

**1.** In 1987, sections 2–1–404 and 405 were amended. These amendments are not applicable to this case because Mr. Lange died before their effective date.