**In re ESTATE OF Elizabeth LUCAS.**

**CLAIM OF Jane B. FORBES, Trustee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

July 8, 1992.

Application for Permission to Appeal
Denied by Supreme Court Nov. 30, 1992.

Thomas J. Stack, Robert C. Henry, Pulaski, for appellant.

Catherine S. Hughes, Nashville, for appellee.

## OPINION

CANTRELL, Judge.

In this probate matter the chancellor held that a claim based on a bankruptcy court's judgment against the decedent was void because the claimant did not file a certified copy of the judgment with the claim. On appeal the administratrix also insists that the judgment is invalid because it was rendered after the decedent's death, and that the claim against the estate abated because the trustee failed to comply with Tenn.Code Ann. § 30–2–320. For the reasons discussed below, we reverse the lower court's order.

## I.

The decedent, Elizabeth Hayes Lucas, filed a petition under Chapter 7 of the Bankruptcy Act on December 22, 1986. She had vested rights in a pension plan administered by Holiday Corporation Savings & Retirement Plan. She claimed $2,000 of the amounts held by the plan were exempt. On April 6, 1987, the bankruptcy trustee asked Holiday Corporation to provide complete information about Ms. Lucas' rights in the plan. Subsequently, Ms. Lucas withdrew a total of $7,491.11 from her retirement account.

The trustee sued Ms. Lucas and Holiday in an adversary proceeding in the bankruptcy court. On June 8, 1989, the bankruptcy judge entered a judgment against both defendants. Unknown to the trustee and the bankruptcy court, Ms. Lucas had died on May 1, 1989. No suggestion of death was noted on the record of the bankruptcy court, and no action on behalf of Ms. Lucas or her estate was taken with respect to the judgment.

Holiday appealed the judgment to the district court and the district court affirmed without an opinion. Holiday then appealed the district court's judgment to the Sixth Circuit Court of Appeals. On January 14, 1991, the Sixth Circuit held that funds in a pension plan qualified under 29 U.S.C. § 1056(d)(1)(ERISA) are excluded from a debtor's bankruptcy estate. The court remanded the case for a determination of whether the Holiday plan was qualified under 29 U.S.C. § 1056(d)(1).

In the meantime, Ms. Lucas' daughter qualified as administratrix of the estate on March 20, 1990. On May 29, 1990, the trustee filed a claim against Ms. Lucas' estate based on the bankruptcy court's judgment. Although a copy of the judgment was not attached to the claim, the administratrix did not file an exception.

On June 19, 1991, the administratrix filed a motion in the probate court to set aside the claim on the grounds that (1) no copy of the judgment was attached to the complaint, (2) the judgment had been reversed on appeal, and (3) the judgment was void because it was rendered against decedent after her death. The chancellor, sitting as a probate judge, held the claim was void on the first ground asserted.

## II.

As set out above, the second and third grounds for the administratrix's motion made a double-barrelled attack on the bankruptcy court's judgment. On appeal, however, the administratrix does not contend that the Sixth Circuit's opinion reversed the judgment against Ms. Lucas. In fact, the judgment against Ms. Lucas had not been appealed and became final long before the Sixth Circuit rendered its opinion.

The administratrix does insist, however, as she did in the court below, that the judgment against Ms. Lucas is a nullity because it was rendered after her death. While this assertion amounts to a collateral attack on the bankruptcy court's judgment, if the judgment is indeed void it may be collaterally attacked in another forum. *Acuff v. Daniel*, 215 Tenn. 520, 387 S.W.2d 796 (1965). The judgment, however, is presumed to be valid, *Dixie Savings Stores, Inc. v. Turner*, 767 S.W.2d 408 (Tenn.App. 1988), and the invalidity must be shown on the face of the judgment or in the record from the court where the judgment was rendered. *Giles v. State ex rel. Giles*, 191 Tenn. 538, 235 S.W.2d 24 (1950). Neither of these requirements are met in this case. The judgment is not void on its face and the record from the bankruptcy is not part of the record here.

Beyond these technicalities, however, the administratrix is relying on the common law rule that, generally, a judgment rendered after the death of a party is void. *See* 46 Am.Jur.2d *Judgments* § 91. The common law rule is apparently the rule in Tennessee. *Carter v. Carriger's Adm'rs*, 11 Tenn. 411 (1832); *Nolan v. Cameron*, 77 Tenn. 234 (1882). However, an exception to this rule is applicable here: Where a trial or hearing has already been held, and the case is under advisement when the defendant dies, judgment may be entered *nunc pro tunc*, or as of the preceding

term. *See* 46 Am.Jur.2d Judgments § 101; *McLean v. State*, 55 Tenn. 22 (1873). In *McLean* the court said: "When the action was delayed for the convenience of the court, they should always take care that no party should suffer by such delay." 55 Tenn. at 288.

More importantly, the judgment in question was not rendered by a Tennessee court but by a federal bankruptcy court. Under the rules governing proceedings in that court, the bankruptcy proceedings did not abate automatically upon Ms. Lucas' death:

> Rule 1016. Death or Insanity of Debtor
>
> Death or insanity of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or insanity had not occurred [ ...].

Rule 1016, Fed.R.Bankr.Pro. (1984).[1] *See In re Crowell*, 53 B.R. 555 (Bankr. M.D.Tenn.1985); *In re McNealy*, 31 B.R. 932 (Bankr.S.D.Ohio 1983).

In a case where the bankruptcy debtor died while a motion for summary judgment was pending, the bankruptcy court went ahead and ruled on the motion, citing Rule 1016. *In re Tikijian*, 76 B.R. 304 (Bankr. S.D.N.Y.1987). The court observed that, pursuant to Rule 1016, it was "mandated to continue to administer this case so far as that is possible." *Tikijian*, 76 B.R. at 306. Consequently, the court focused its analysis on whether or not it was "possible" to rule on the summary judgment motion after the death of the debtor. The court emphasized that, at the time of the debtor's death, he had already given affidavits in opposition to the motion, and both he and the moving parties had been deposed. Consequently, the court held that it would not be improper to go ahead and rule on the motion: "As the Debtor was offered full opportunity to be heard on the summary judgment motion before his death, no prejudice to the Debtor could occur by this

court proceeding to rule on the summary judgment motion." *Id.*

In the instant case, it appears from the record and briefs of counsel that the summary judgment motion had already been briefed and argued before Ms. Lucas died. Applying the rule from *Tikijian*, the bankruptcy court's order of judgment would therefore appear to be valid, notwithstanding the fact that it was entered after Ms. Lucas' death.

Nor do we think the bankruptcy court's judgment is affected by the rules governing the substitution of parties. Pursuant to Rule 7025, Fed.R.Bankr.Pro., the Federal Rules of Civil Procedure also apply to bankruptcy proceedings. The relevant rule provides:

Rule 25. Substitution of Parties

(a) Death.

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party [ ...]. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death [ ...], the action shall be dismissed as to the deceased party.

Rule 25(a)(1), Fed.R.Civ.P.

We note first of all that the bankruptcy court obviously did not dismiss the action against Ms. Lucas. To the contrary, it went ahead and entered an order of summary judgment, the very judgment the bankruptcy trustee seeks to have enforced against Ms. Lucas' probate estate in this case.

It appears from the record that neither the bankruptcy trustee nor the bankruptcy court had been informed of Ms. Lucas' death prior to entry of the judgment. Had the administratrix filed a suggestion of death as provided in Rule 25(a), Fed.R.Civ. P., then the bankruptcy court would have

---

1. The word "insanity" in Rule 1016 has been replaced by amendment with the word "incompetency." No other changes have been made in the portion of the rule relevant to the instant case.

been obligated to dismiss the action to recover the pension funds if the bankruptcy trustee did not file a motion to substitute parties within 90 days thereafter. We think it unlikely, however, that the bankruptcy trustee would have failed to timely file a motion to substitute parties if the administratrix had filed a suggestion of death.

■ It is not apparent from the opinion in *Tikijian* whether the party seeking summary judgment there did or did not file a motion to substitute the debtor's probate estate as the party defendant. Nonetheless, an important principle can be drawn from that case: Where the debtor has fully and vigorously contested a summary judgment motion before he or she dies, and all that remains is for judgment to be entered, it would not offend due process to enter judgment against the debtor and allow that judgment to be enforced against his or her probate estate. Surely where the debtor himself has had notice and an opportunity to be heard, the debtor's estate is not entitled to new notice and another opportunity to be heard.

Moreover, if the administratrix of Ms. Lucas' estate wanted to be heard and felt that she was entitled to reopen the hearing on the motion for summary judgment, she could have filed a motion for substitution herself. Rule 25(a)(1), Fed.R.Civ.P. Even after the summary judgment was entered, we know of no rule that would have precluded her from filing a motion to alter or amend, or to set aside the judgment, or for relief from the judgment under Rule 60(b), Fed.R.Civ.P. after filing a motion to substitute herself as the party defendant.

Under these circumstances, we think the administratrix has failed to overcome the presumption of validity that attaches to any judgment rendered by a court having jurisdiction of the parties and the subject matter. We hold therefore that the judgment of the bankruptcy court is not void simply because it was entered after Ms. Lucas' death and without Ms. Lucas' probate estate being substituted as the party defendant.

■ Although not set out in her motion to strike the claim, the administratrix argued in her brief in the court below and on appeal that the claimant failed to comply with Tenn.Code Ann. § 30–2–320, which provides:

> All actions pending against any person at the time of his death, which by law may survive against the personal representative, shall be considered demands legally filed against such estate at the time of the filing with the clerk of the court in which the estate is being administered of a copy in duplicate of the order or revivor, one (1) of which copies shall be certified or attested, a notation of which shall be entered by the clerk in the record of claims, as in the case of other claims filed. Pending actions not so revived against the personal representative within the period prescribed in § 30–2–307(a) shall abate.

In this defense, the administratrix argues that even if the judgment is valid the *claim* abated because the trustee did not get an order of substitution from the bankruptcy court and file it with the clerk of the probate court. There is authority for the proposition that pending claims not prosecuted according to Tenn.Code Ann. § 30–2–320 abate after the prescribed period runs. *See Wunderlich v. Fortas*, 776 S.W.2d 953 (Tenn.App.1989); *Windsor Hosiery Mills, Inc. v. Haren*, 222 Tenn. 479, 437 S.W.2d 248 (1969).

However, Tenn.Code Ann. § 30–2–320 has no application to this case. By its terms the statute does not apply to claims already reduced to judgment. All that is required to perfect a claim based on a judgment is compliance with Tenn.Code Ann. § 30–2–307(b). That issue is discussed in the next section of this opinion.

### III.

■ The chancellor dismissed the claim because a certified copy of the judgment was not filed in the probate court. Tenn. Code Ann. § 30–2–307(b). We think, however, that the cases that have been decided on the subject make it clear that the claim is not void. In *Cooper's Estate v. Keath-*

*ley,* 27 Tenn.App. 7, 177 S.W.2d 356 (1943), this court held that, if a claim against a decedent's estate is technically defective, the defects may be cured by amendment. The Supreme Court followed up that decision in the case of *Wilson v. Hafley,* 189 Tenn. 598, 226 S.W.2d 308 (1949). In that case, the court said:

> As well said by Judge Felts in *Cooper's Estate v. Keathley* (citation), the statute contemplates that claims should be set out in written form as an informal statement of the cause of action, the intent being to afford a simple, inexpensive, and expeditious remedy for administration of decedent estates. It should be liberally construed to advance the remedy and dispense with formal pleadings. It was there held that a claim defectively stated or verified is not to be treated as a nullity but may be amended after the running of the time within which claims must be filed and the amendment will then relate back to the original claim and be considered as filed within time. In this case, as pointed out by counsel, no amendment has been tendered. The claimant, however, had a right to assume that his claim was being treated as sufficient in form until exceptions were filed. The place for filing exceptions was in the County Court and none were filed there though, as will appear, the failure to file exceptions was not due to any fault on the part of the Executor. Doubtless, if exceptions had been filed attacking the form of the claim, an amendment would have been tendered and, since it was not due to any fault of the claimant that the questions now made were not made in the County Court where they could have been remedied by amendment, we do not think his claim should be adjudged invalid for defects of form merely. The bill in this case shows prima facie a valid indebtedness against the estate none of which, it is alleged, has been paid.

*Wilson,* 226 S.W.2d at 311.

We hold, therefore, that the claim is not void and the administratrix's failure to except to the claim relieved the claimant of the obligation to take any further steps to perfect it.

The judgment of the court below is reversed and the cause is remanded to the Probate Court of Sumner County for any further proceedings necessary. Tax the costs on appeal to the administratrix.

TODD, P.J., and KOCH, J., concur.