466

Carl Brigham

*v.*

Southern Trust Company, Adm'r, et al.

(*Nashville*, December Term, 1956)

Opinion filed March 8, 1957.

S. G. Fowler, Clarksville, for appellant.

James C. Cunningham, Clarksville, for appellee Southern Trust Co.

Goodlett & Goodlett, Clarksville, for appellee Blanche King Wilkins.

Mr. Chief Justice Neil delivered the opinion of the Court.

Samuel King died intestate in Montgomery County, Tennessee, in September, 1954, survived by Blanche King Wilkins, a sister, and Carl Brigham, who was a son of a deceased sister. The Southern Trust Company of Clarksville, Tennessee, qualified as administrator of his estate. Notice to creditors, as provided by the statute, was duly published in the Clarksville Leaf-Chronicle on September 24, 1954.

On December 29, 1954, Blanche King Wilkins filed her claim in the office of the County Court Clerk for $3,600, the same being for services and medicines furnished by her to the deceased. On December 6, 1955, Carl Brigham filed a petition in the County Court, addressed to "Foard Harris, Clerk, County and Probate Court" seeking to hold the Southern Trust Company as administrator, etc., liable to Carl Brigham for its failure to file exception to

the claim of Blanche King Wilkins. Inasmuch as no exceptions to the claim were filed by Carl Brigham within the time provided by the statute, the administrator paid the claim. The prayer to the petition is, "That the Court determine whether or not this claim of Blanche King Wilkins for $3600.00 would have been allowed had exceptions thereto been promptly filed by the administrator."

Following a dismissal of the petition, an appeal was prayed and granted to the Circuit Court of Montgomery County. The learned Circuit Judge dismissed the petition. His opinion reads as follows:

"It is the opinion of the court that said claim of Blanche King Wilkins has the effect of and is a final judgment against said estate since no exceptions thereto were filed within the period allowed by law, and that the petitioner's exceptions are now barred by the Statute of Limitations; that there is no evidence that the administrator did not act in good faith in the administration of said estate, and that the administrator did act in good faith; that there was no violation of due process as to the petitioner, Carl Brigham, and that due process was available to said petitioner and he could have filed his exceptions to any claim filed against said estate within the period allowed by law, but he did not avail himself of such right; and that the question of whether or not the claim of Blanche King Wilkins would have been allowed or disallowed had exceptions thereto been filed within the period allowed by law is a moot question and not a question properly before the court, and it is so adjudged."

The court having overruled a motion for a new trial, an appeal was perfected to this Court. The case is here on the technical record and assignments of error. The determinative questions are raised in Assignments Nos. 3, 4 and 6, which read as follows:

"Error No. 3:

"The learned Circuit Court erred in holding that Appellant's Exception to the accounting of the Administrator, Southern Trust Company, was barred by the Statute of Limitations."

"Error No. 4:

"The learned Circuit Court erred in holding that the Administrator had acted in good faith and with due diligence in failing to file exceptions to the claim of Appellee, Blanche King Wilkins."

"Error No. 6:

"The learned Circuit Court erred in not trying the cause *de novo* or as if commenced in the Circuit Court or transferring the cause to Chancery Court."

 The assignments cannot be sustained because no exceptions were filed by Carl Brigham within ten months after notice was given to creditors by the administrator. Our cases expressly hold that a claim properly filed and not excepted to within said period of time has the effect of a judgment against the estate. Thus in *Warfield v. Thomas' Estate,* 185 Tenn. 328, 206 S.W.2d 372, it was held:

"Claims unexpected to become equivalent of judgments against an estate except that there is no right to an execution thereon, and failure to except to a claim should be looked on as a confession of judgment and

no relief may be granted unless failure to except was brought about by fraud of claimant.''

In Phillips' Pritchard on Wills, Section 743a, p. 268, it is said:

"Failure to except to a claim amounts to an admission of its justness; and the claim becomes, in effect, a judgment against the estate at the end of the statutory period, which is normally ten months from the date of notice to creditors. A claim filed within the last month does not become a final judgment against the estate until after the expiration of thirty days after notice of such claim has been given.''

Section 30-517, T.C.A., provides:

"At the expiration of nine (9) months from the date of the notice to creditors, given as in sec. 30-509 provided, the personal representative may wait thirty (30) days before making payment of claims that have been filed, and at any time during or prior to such thirty (30) day period, *but not thereafter,* the personal representative, or any party interested in the estate either as creditor, distributee, heir or otherwise, may except to any claim by filing written exceptions in triplicate with the clerk of the court in which the estate is being administered.'' (Emphasis is supplied.)

■ There is no merit in the contention that the validity or non-validity of the claim was not properly before the court. The case was heard on the record from the county court without any proof. The record shows the nature of the claim and it was not seasonably excepted to by any one.

472

■ .The appellant seems to take the position that the administrator alone is required to file exceptions. This is an erroneous view as expressly provided in 30-517, T.C.A., supra. See also *Cooper's Estate v. Keathley*, 27. Tenn. App. 7, 177 S.W.2d 356.

■ The only basis upon which the administrator could be held liable would be proof of malfeasance or misfeasance in office, or to be more specific that there was collusion between the administrator and persons having an interest in the estate, such as a creditor, heir or next of kin of the deceased. Nothing of this kind or character appears in the record.

This case was heard in the County Court upon the administrator's settlement and that record was considered and reviewed by the Circuit Judge. It does not appear that Carl Brigham offered any proof of collusion, or bad faith on the part of the administrator. Since there was no suggestion of fraud or bad faith the administrator was not required to show that it acted in good faith.

■ There is no merit in Assignment No. 6 wherein counsel contends that the count erred in not transferring the cause to the Chancery Court.

"Any suit of an equitable nature, brought in the circuit court, where objection has not been taken by demurrer to the jurisdiction, may be transferred to the chancery court of the county, or heard and determined by the circuit court upon the principles of a court of equity, with power to order and take all proper accounts, and otherwise to perform the functions of a chancery court." 16-511, T.C.A.

In the case at bar the jurisdiction of the Circuit Court to pass upon the issues was not questioned. See notes to decisions under the foregoing section of the Code.

We find no error in the record and the judgment of the trial court is affirmed.