COIN AUTOMATIC COMPANY, INC.

*v.*

ESTATE of S. H. DIXON.

375 S. W. 2d 858.

(*Knoxville,* September Term, 1963.)

Opinion filed December 5, 1963.

Petition for Rehearing Denied March 5, 1964.

JOHN D. GOODIN, Johnson City, for petitioner.

THOMAS E. MITCHELL, Johnson City, H. DENNIS ERWIN, Erwin, for respondent.

312

Mr. Special Justice Robert S. Clement delivered the opinion of the Court.

This case comes to this Court from the County Court of Washington County, Tennessee.

On August 29, 1960, Paul Shipley was duly qualified as the Executor of the estate of S. H. Dixon. On May 25, 1961, Coin Automatic Company, Incorporated, filed a claim against the estate of S. H. Dixon in the nature of a petition, which is copied herein:

"I.

"That it is a corporation, duly authorized to do business in Tennessee, and maintains an office in Johnson City, Tennessee, from which situs it operates its business in Washington, Carter and Unicoi Counties. Said company is an amusement device company furnishing various amusement devices, such as phonographs, shuffle alleys and other games to various locations.

"II.

"That the said S. H. Dixon died in August of 1960 and on the 29th day of August, 1960, Paul Shipley was duly qualified as Executor of the estate.

"III.

"Coin Automatic Company, Incorporated, is a successor to Coin Automatic Company, which company was formerly owned by S. H. Dixon and two others, and which company was sold on or about the first day of October, 1955, to Homer L. Pease, and at that time was incorporated under the laws of Tennessee. Under the sale agreement executed by the owners of Coin Automatic Company, which appears of record in Miscellaneous Book 28, page 153, Register's Office, Jonesboro, Tennessee, the vendee received the 'good will of the business' and it was agreed that the sellers, who included the said S. H. Dixon, would 'Refrain from entering into any similar competitive business in Carter, Unicoi and Washington Counties for a period of Ten years'. A certified copy of said agreement will be filed at or before any hearing.

"That on or about the first of March, 1960, the said S. H. Dixon owned and operated two companies known as Coin Automatic Company and Coin Automatic Distributing Company, from a building owned by him, known as 241 S. Main Street, Johnson City, Washington County, Tennessee. That on or about said date, it came to the attention of your claimant that the said S. H. Dixon had entered into a competitive business by furnishing phonographs and pin tables and/or other amusement devices to various locations in Johnson

City, Tennessee. Your claimant was further advised that the said S. H. Dixon, through his agents, was using the name of Coin Automatic in solicitation of new business and it was determined that said locations were being serviced by employees of Dixon and vehicles owned and operated in the name of Coin Automatic Distributing Company or Coin Automatic Amusement Company and that service calls were being received and accepted at his place of business. About or within a very short period of determination of this information, your claimant was advised that the said Dixon had been discovered to have an incurable ailment and was given less than six months to live.

"At or about the time of the death of said Dixon, one of the employees, who had been so operating in his name, left his employment, assumed a new operational name and continues to operate.

"As a result of the breach of the written agreement, duly executed and recorded, claimant states that it has been damaged in the amount of $15,000.00 and makes claim therefor.

"IV.

"Claimant would further show unto the Court that on or about the 5th day of June, 1957, the said Dixon advised the attorney of this claimant that default had been made in certain obligations, including certain obligations to the said Dixon. As a result of certain inducements made by the said Dixon, a representative of the claimant agreed to take over the operation of the corporation. One of the inducements made by said Dixon was that as distributor of phonographs and

amusement devices that the cost of such machines sold to your claimant would be his cost as distributor, plus a small percentage for freight and handling. Within the past six months, your claimant has determined that the said Dixon had charged equipment to your claimant on the same basis as he had charged other operators with whom he did business, and so had not carried out his agreement.

"As a result of the continuing violation of the oral agreement, claimant avers that it is entitled to the sum of $5,000.00, representing the over charge of equipment purchased over a period of some four years.

## "V.

"Claimant avers that the amount of these two claims, totaling $20,000.00 is just, due, owing and unpaid; that it is presently indebted in an approximate amount of some $8,000.00, representing an open account with Coin Automatic Distributing Company, which said company is an asset and a part of the S. H. Dixon Estate, and to which amount claimant agrees that the estate is entitled to a set off or counter claim; that said claim is a just, correct and valid obligation of said estate, and that neither the claimant nor any person or persons on its behalf has received any payment or credit on said amounts.

## "VI.

"Claimant further prays for an equitable lien in its favor against the funds or property of the estate, by reason of facts and circumstances of this case, and further prays for such other, further and different relief as it may be entitled to and for general relief."

On August 19, 1961, the Executor, Paul Shipley, filed a demurrer to this claim on the ground that it was for unliquidated damages and that the County Court is without jurisdiction to hear and determine such claim. The demurrer reads as follows:

"Comes the Executor of the last will and testament of S. H. Dixon, deceased, and demurs to the bill filed in this case by Coin Automatic Co., Incorporated, and for grounds thereof says:

"I.

"That this Court is without jurisdiction to try a case for unliquidated damages, and is without jurisdiction to litigate matters involving tort or breach of contract.

"II.

"This Court is without jurisdiction to set off one account against the other, and this action is unknown to the forms of law.

"WHEREFORE, Paul Shipley, Executor of the last will and testament of S. H. Dixon, deceased, prays judgment on this his demurrer."

The record further reveals that on August 19, 1961, the claimant, Coin Automatic Company, Incorporated, moved the Court to strike the demurrer because same was in the nature of an exception and was not filed within the time allowed by statute.

No further action was taken in this matter until February 4, 1963, at which time the County Judge put down an order that the matter should be certified to the Circuit Court for Washington County on the entire record.

The claimant prayed an appeal in the nature of a writ of error to the Court of Appeals at Knoxville, where the matter was properly transferred to this Court for consideration.

■ ■ The record reveals that the Executor failed to except to the claim of Petitioner within the time allowed by law. The questions to be resolved by this Court are:

(1) Whether or not the claim became a final judgment upon the failure of the Executor to object thereto;

(2) Whether the County Court should have sustained claimant's motion to strike the demurrer;

(3) Was the County Court in error in ordering this case certified to the Circuit Court;

(4) Is Petitioner's claim the type of claim coming within Section T.C.A. 30-510.

If Petitioner's claim is of the class as contemplated by the Statute, then there is no question but that the Executor failed to file exceptions to same within the time required by law and that the claim became a judgment. *Brigham v. Southern Trust Company,* 201 Tenn. 466, 300 S.W.2d 880; *Needham v. Moore,* 200 Tenn. 445, 292 S.W.2d 720. In the case of *Langford v. Fly,* 26 Tenn. 585, this Court held that a claimant cannot be deemed a creditor in tort action until he has obtained judgment. In the case at bar, the claim does not sound in tort, but arises from the alleged breach of contract signed not only by the deceased, S. H. Dixon, but by one E. L. Bare and G. D. Milhorn, wherein the three men, then partners, sold their business to Petitioner and agreed not to re-enter the same type of business within a period of ten (10) years. In other words, the Petitioner attempts to

not only show breach of contract, but to adjudicate his damages, then gives credit on same in the amount he owes the estate of S. H. Dixon. The question we are to resolve is such a claim a liquidated claim as contemplated by the Statute that would ripen into a judgment if the Executor failed to object within the time required by law?

In the case of *Miller v. Morelock*, 185 Tenn. 466, 206 S.W.2d 427, it is stated, "[A] claim must prima facie appear to be valid". It is further held in the same cause that, "If the claim filed is void on its face, the legal effect is the same as if the claim had never been filed". In other words, exception was not necessary.

The Petitioner's claim must stand on the covenant not to compete in smiliar business within the time set out in the contract. Our Courts have held that such reasonable restrictions made in the sale of a business may be valid. *Baird v. Smith*, 128 Tenn. 410, 161 S.W. 492, L.R.A. 1917A, 376; *Bradford & Carson v. Montgomery Furniture Company*, 115 Tenn. 610, 92 S.W. 1104, 9 L.R.A., N.S., 979. However, in the Bradford case, this Court stated: "The chief difficulty found in actions for breaches of contracts of this character, is in ascertaining the damages which the plaintiff can recover, as they are generally uncertain, remote, and speculative. For this reason the most efficient remedy is an injunction inhibiting the defendant from again entering into the business he has contracted not to resume. The jurisdiction of courts of equity to grant this relief is well established. *Jackson v. Byrnes*, 103 Tenn. 699, 54 S.W. 984." Continuing in the Bradford case, the Court said, "The true measure of damages for a breach of contract of this sort is the

injury the plaintiff sustained. It he has sustained no damages which are the natural and proximate results of the breach, he has sustained no injury, and can only recover nominal damages.''

An earlier case which is referred to in *Farnsworth v. Bell,* 37 Tenn. 531, the case being *Patrick v. Ford,* the opinion of which is copied within the *Farnsworth v. Bell* opinion, this Court, speaking through Justice McKinney, said: ''Damages may arise upon a breach of contract to do, or not to do a particular act, whether the agreement be written or verbal, where there is no penalty, or liquidation of the damages provided by the contract. And, in such case, the damages are no more certain than in the case of a tortious act, resulting in an injury to the person or property of another. Nor is the right of the Plaintiff to recover reasonable compensation, placed on any higher ground, or regarded as a more fixed right in the former case than in the latter. The Plaintiff in each case has just legal claim to a recovery; all that is uncertain is the amount.''

We cannot say that Petitioner's claim was void on its face. However, we do hold that Petitioner had no right to adjudicate his claim in the manner which he did. In other words, his damages, if any, have not been ascertained. In Caruther's History of a Lawsuit, Section 203, there is found, ''A writ of inquiry is needful only in cases where the amount which the Plaintiff should recover is not ascertained from papers in the cause, as where he is suing for an assault and battery, or for slander, or the like, and the damages claimed are unliquidated, that is unascertained and not fixed by an agreement of the parties.''

320

It has been held by the Court of Appeals in the case of *Wileman v. Mayor and Aldermen*, 29 Tenn.App. 172, 195 S.W.2d 325, that, "Defendant may introduce evidence, however, on the question of damages, although a default judgment has been entered against [Defendant] on the question of liability".

We conclude that as no damages have been ascertained, this cause should be remanded to the County Court of Washington County, and that the action of the County Judge in certifying same to the Circuit Court is affirmed, and the cause will be heard in the Circuit Court upon a writ of inquiry as to the amount of damages, if any, Petitioner is entitled.

The costs of the appeal are adjudged one half against Coin Automatic Company, Inc., and the other half against the S. H. Dixon Estate. The future costs will abide the outcome.

## On Petition to Rehear

The Appellant, Petitioner below, has filed a forceful petition to rehear in this cause wherein it is insisted that this decision does violence to other opinions heretofore rendered by this Court.

This cause was carefully considered by the Court and the questions involved have given the Court considerable concern. It is true that at first glance the decision reached by the Court in the case at bar might seem to be in conflict with some of the prior decisions of the Court. However, insofar as we have been able to find, there is not a case directly in point wherein a claim arising out of a breach of contract to do or not to do a particular act, where there is no penalty or liquidation of the damages

provided by the contract, has been considered by the Court.

Judgments by default have never been favored by the courts. We believe it would be dangerous to establish a precedent whereby a claim for damages, not yet ascertained, can be filed with the Administrator of the estate who neglects to except to same within the time required by law, to allow a claim of this type to ripen into a judgment against which there is no relief.

We are still of the opinion that the case of *Patrick v. Ford,* reported in 37 Tenn. 531, 532-533, is in point wherein the Court said that "Damages may arise upon a breach of contract to do or not to do a particular act, whether the agreement be written or verbal, where there is no penalty or liquidation of damages provided by the contract. And, in such case, the damages are no more certain than in the case of a tortious act, resulting in an injury to the person or property of another".

Petitioner seems to overlook the fact that he still has his day in court. If Petitioner has a just claim, surely he may expect the Circuit Court of his county to render justice.

Petitioner insists that the Court, by this opinion, is making new law. If this is true, we believe it to be good law.

This Court has said on numerous occasions that: "A petition for rehearing should never be used merely for the purposes of rearguing the case on points already

considered and determined, unless some new and decisive authority has been discovered, which was overlooked by the court''. *Nashville v. State Board of Equalization,* 210 Tenn. 587, 360 S.W.2d 458-472.

We are satisfied with the conclusion reached in our opinion and, therefore, the petition to rehear is denied.