# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 14, 2018 Session

## IN RE ESTATE OF JAMES DONALD MEADOWS

**Appeal from the Probate Court for Dickson County**
**No. 03-16-029-P     Michael Meise, Judge**

_____

## No. M2017-01062-COA-R3-CV

_____

Appellants, an estate and its co-executors, appeal from the trial court's order disqualifying their counsel due to a purported conflict of interest. Because the appellants have appealed from a non-final order, we dismiss this appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER,, JJ., joined.

David J. Callahan, III, Nashville, Tennessee, for the appellants, Estate of James Donald Meadows, Sharon Meadows Story, and Alan Dale Oakley, Jr.

George Nolan, Nashville, Tennessee, and C. Patrick Flynn, Brentwood, Tennessee, for the appellees, Mark Steven Meadows and Nashville Ready Mix, Inc.

## OPINION

### BACKGROUND

This case involves interconnected legal proceedings pending in two different counties, one case filed in Dickson County Probate Court and three separate cases filed in Davidson County Chancery Court. This appeal results from an order entered in the probate proceeding. The probate proceeding began when a petition to admit a will to probate was filed in the Dickson County Probate Court on March 1, 2016, involving decedent James Donald Meadows ("Decedent"). According to the petition, Decedent left several next of kin, including a surviving spouse, Mary Helen Meadows ("Wife") and three children, including daughter Sharon Kay Story ("Daughter") and son Mark Stevens Meadows ("Son"). The petition was filed by attorney David J. Callahan ("Attorney

Callahan") on behalf of Wife, Daughter, and Alan Dale Oakley, Jr., who was named as a co-executor in the will (collectively, "Petitioners").

On April 12, 2016, Son and his company, Nashville Ready Mix, Inc. ("Nashville Ready Mix", and together with Son, "Appellees") filed a Motion to Require Inventory and Associated Relief. In the affidavit accompanying the motion, Son alleged that at the time of Decedent's death, Decedent and Appellees were adverse parties in ongoing litigation in the Davidson County Chancery Court. Specifically, three separate lawsuits were pending in chancery court between Decedent and Appellees. A copy of an amended answer and counter-claim filed in one of the three pending chancery court actions between Decedent and Appellees was included as an exhibit to the affidavit, indicating claims of payment of an outstanding debt, quantum meruit, unjust enrichment, and constructive or equitable trust. According to the motion, Appellees claimed damages against Decedent of over $2,000,000.00.[1] The motion further noted that at the appropriate time, a claim would be filed against the estate for these damages, as to be determined by the chancery courts proceedings.

On April 12, 2016, the parties entered an agreed order admitting the will to probate and naming Daughter and Mr. Oakley as co-executors of the estate ("Co-Executors"). In May 2016, agreed orders were entered substituting Co-Executors, on behalf of the estate, a trust created by Decedent's will, and Wife and Daughter, as co-trustees of the trust ("Co-Trustees"), as parties in all three of the pending chancery court proceedings. On May 17, 2016, Appellees filed a notice in the probate court of the substitutions that took place in the chancery court proceedings, attaching copies of the certified orders of substitution pursuant to Tennessee Code Annotated section 30-2-320.[2] On July 5, 2016, Co-Executors filed an estate inventory showing estate assets of approximately $1,000,000.00, all of which were in the form of real property.

On September 23, 2016, Appellees filed a motion to disqualify Attorney Callahan and his law firm from representing the Estate or its executors in any matter adverse to Appellees. In support, Appellees alleged that Attorney Callahan is associated in a law firm with attorney Gino Marchetti ("Attorney Marchetti"), who represented Decedent and Appellees together in various ventures from 1987 to 2004. In particular, Attorney

---

[1] Son also asserted certain other claims to property that are not at issue in this appeal.

[2] Section 30-2-320 provides

All actions pending against any person at the time of that person's death, that by law may survive against the personal representative, shall be considered demands legally filed against the estate at the time of the filing with the clerk of the court in which the estate is being administered of a copy in duplicate of the order of revivor, one (1) of which copies shall be certified or attested, a notation of which shall be entered by the clerk in the record of claims, as in the case of other claims filed. Pending actions not so revived against the personal representative within the period prescribed in § 30-2-307(a) shall abate.

Marchetti served as general counsel for Nashville Ready Mix for a number of years. In 2014, however, Attorney Marchetti and his law firm represented Decedent in two lawsuits filed against Decedent by Appellees, as well as filed a separate lawsuit against Appellees on behalf of Decedent. According to the motion, the various lawsuits involve the ownership of jointly owned property, as well as debts allegedly owed by Decedent to Appellees. Appellees further noted that the trial court in the chancery court proceedings had previously disqualified Attorney Marchetti and his law firm, including Attorney Callahan, from representing the Estate, Co-Executors, and Co-Trustees in all three pending chancery court lawsuits due to ethical conflicts. Although Attorney Callahan and Attorney Marchetti had moved to a different law firm, they remained associated. Appellees argued that this association and the years of prior representation mandated disqualification of Attorney Callahan under Rule 1.9 of the Tennessee Rules of Professional Conduct. Included with the motion were pleadings and orders from the chancery court proceedings, internet printouts showing the association of Attorney Marchetti and Attorney Callahan, and an affidavit in support filed by Appellees' attorney.

Petitioners filed a response in opposition to the motion for disqualification, arguing that disqualification was not warranted and that Petitioners had the right to counsel of their choice. The trial court eventually granted the motion by order of December 29, 2016, finding that the current representation placed Attorney Callahan "in a potentially adverse position to his former client[,]" where Appellees, as the former clients, had perfected a claim against the estate. In this order, the trial court found that disqualification was therefore appropriate and forcing Petitioners to obtain new counsel would not be unduly burdensome "at this early stage of the probate process" because the probate action was in its "infancy[.]" Petitioners filed a motion to alter or amend, which the trial court denied by order of April 28, 2017. On May 25, 2017, Co-Executors, on behalf of the estate (Co-Executors, together with the estate, "Appellants"), filed a notice of appeal of to this Court seeking review of the disqualification order. On July 27, 2017, Appellees filed a motion to dismiss this appeal on the ground that Co-Executors had appealed a non-final judgment. Appellants responded in opposition on August 7, 2017. On August 9, 2017, this Court ruled that judgment on the motion to dismiss would be reserved pending briefing and oral argument in this case.

## DISCUSSION

Although Appellants raise several substantive issues in this case, we must first resolve the issue of this Court's subject matter jurisdiction to adjudicate this appeal. Appellants filed this appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Rule 3 provides an appeal as of right of "every final judgment entered by a trial court" in a civil action. Tenn. R. App. P. 3(a). If, however, "multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." *Id.* Except where

otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990); *c.f.* Tenn. R. App. P. 9 (governing discretionary interlocutory appeals); Tenn. R. App. P. 10 (governing discretionary extraordinary appeals); Tenn. R. Civ. P. 54.02 (allowing appeals of some non-final judgments when certain requirements are met).

Here, Appellees assert that Appellants have appealed a non-final order because there has been no order fully adjudicating all of the claims and parties involved in this Estate. We agree. As we have explained in another appeal resulting from an estate matter,

> A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right." *State ex rel. Garrison v. Scobey,* No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008), *no appl. perm. appeal filed*. This Court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. The Tennessee Supreme Court has recognized that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). *See also Ruff v. Raleigh Assembly of God Church, Inc.*, 241 S.W.3d 876, 877 at n. 1 (Tenn. Ct. App. 2007).

*In re Estate of Schorn*, 359 S.W.3d 192, 195–96 (Tenn. Ct. App. 2011). Particular to estate cases, the Tennessee Supreme Court has held that "when a court rejects all purported wills submitted for probate and enters an order finding that the deceased died intestate, the order constitutes a final order for purposes of appeal." *Estate of Henderson*, 121 S.W.3d at 647. In contrast, an order for an interim accounting has been held not to constitute a final order in an estate proceeding. *See Estate of Schorn*, 359 S.W.3d at 196–97.

Appellants assert that the appeal in this case results from a final decision "between the parties" at issue in this appeal. Rather, Appellants contend that "there presently is 'nothing else for the trial court to do' involving the Appellees and Appellants in Dickson County Probate Court" because "the probate estate is passive until a resolution of the [chancery court proceedings]." A close examination of Appellants' argument illustrates the problems with their contention. As an initial matter, resolution of the claims between the parties at issue in this case generally is not sufficient to constitute a final judgment; rather under Rule 3, a final judgment must adjudicate *all* of the claims of *all* the parties. *See* Tenn. R. App. P. 3(a). As our supreme court has explained, an estate proceeding is a

"complex area[] of the law" that often involves more than the resolution of single issue to fully adjudicate:

> Apart from providing an occasion to question the validity or meaning of the will, the proceeding enables the deceased's personal representative to, among other things, (1) notify the decedent's beneficiaries that the will has been filed for probate; (2) collect and inventory the decedent's assets; (3) resolve the claims submitted by the creditors of the decedent and the estate; (4) manage the decedent's estate; (5) make interim distributions of the estate when appropriate; and (6) file interim accountings.

*In re Estate of Trigg*, 368 S.W.3d 483, 496–97 (Tenn. 2012) (footnotes omitted). Here, the estate remains pending and nothing in the record indicates that the property in the estate had been distributed or that the estate has been closed. Thus, there clearly is more for the trial court to do in this case.

Appellants appear to assert, however, that this matter should be considered an "independent claim" where final resolution of the estate is not necessary. The order of disqualification, which Appellants assert pertains only to a conflict arising from this "independent claim," would therefore be final because all outstanding matters with regard to this specific claim have been adjudicated. Appellants cite no legal authority in support of this contention. As an initial matter, we note that the trial court's order of disqualification does not limit its application only to the claim filed against the estate by Appellees; rather, Attorney Callahan was excluded from representing the estate throughout the estate proceedings in probate court.

Appellants make the somewhat confusing argument, however, that "the order currently under appeal before this Court is the final order between the Appellees and the Appellants, as there remain no other outstanding issues in this 'independent claim' between such parties." Even assuming, arguendo, that the disqualification pertains to an independent claim, we cannot agree that it is final in this case. We concede that Tennessee courts have previously recognized that some matters are considered ancillary to the underlying issues in a case and therefore not a barrier to Rule 3 appeal, such as post-judgment criminal contempt petitions. *See* ***Poff v. Poff***, No. 01-A-01-9301-CV00024, 1993 WL 73897 at *2 (Tenn. Ct. App. March 17, 1993) ("Contempt proceedings commenced after the entry of an otherwise final order in the underlying case should be viewed as independent proceedings. Accordingly, they are not part of the subject matter of the underlying case and are not among the issues that must be resolved before an otherwise final order in the underlying case will be considered final for the purposes of Tenn. R. App. P. 3(a).").

The same is generally true of claims against an estate, which may be finally resolved prior to the final order resolving all of the outstanding issues in an estate matter. According to the Tennessee Supreme Court, "[a] party dissatisfied with the outcome of a

- 5 -

trial regarding a disputed claim must file a timely appeal without waiting for a final order closing the probate proceeding." ***In re Estate of Trigg***, 368 S.W.3d 483, 497 (Tenn. 2012) (citing Tenn. Code Ann. §§ 30-2-315(a)(2), (c) (stating that when an exception to a claim is filed, the trial court should promptly "hear and determine all issues arising upon all the exceptions" and that "[a] judgment upon the findings of the court shall be entered in the court and from the judgment an appeal may be perfected within thirty (30) days from the date of entry of the judgment")). The Tennessee Supreme Court has recognized a similar rule applicable to claims in which no exception has been filed, explaining that "claims unexcepted to become the equivalent of judgments against the estate excepting of course that the right to an execution thereon does not follow" and the issue of the claim is immediately appealed as a final order, rather than an interlocutory order. ***Warfield v. Thomas' Estate***, 185 Tenn. 328, 334–35, 206 S.W.2d 372, 375 (Tenn. 1947) (quoting *Higgins' Administration of Estates in Tennessee*, §126(a), p. 97) ("[T]his claim was final in that it was unexcepted to within the time allowed by law, and there was nothing to be adjudicated"); *see also* ***Needham v. Moore***, 200 Tenn. 445, 451, 292 S.W.2d 720, 723 (1956) ("When the time for filing exceptions has passed, the uncontested claim becomes final against the estate."). Here, Appellees do no dispute that Appellants filed no timely exception to their claim.

Nevertheless, we conclude that no final order from which an appeal lies is present in this particular case due to an exception recognized both in Tennessee statutes and common law. *See* ***In re Estate of Williams***, No. M2000-02434-COA-R3-CV, 2003 WL 1961805, at *27 (Tenn. Ct. App. Apr. 28, 2003) (noting that "[t]here are exceptions to this general rule" that a claim with no exception should be treated as a judgment against the estate). One recognized exception involves claims involving unliquidated damages, i.e., claims involving unresolved independent litigation concerning the estate. *See generally* ***Herring v. Tollett's Estate***, 550 S.W.2d 660, 662 (Tenn. 1977) (holding that when a probate court is put on notice of independent tort claims against the estate, the probate court must hold the estate action in abeyance); ***Coin Automatic Co. v. Estate of Dixon***, 213 Tenn. 311, 317, 375 S.W.2d 858, 861 (Tenn. 1963) (refusing to conclude that an unliquidated claim for breach of contract became a final judgment when no exception was filed). As pointed out in Appellees' brief, the claim against the estate by Appellees resulted from independent claims that are themselves pending resolution in chancery court. Our supreme court has described the appropriate procedure in this circumstance as follows:

> Whenever the probate court is put on notice of the pendency of a tort action in another court by the filing of a copy of the complaint, or by any other good and sufficient means, the probate court must hold in abeyance a final distribution of the assets and the final settlement of the estate, pending the outcome of a tort action.

***Herring***, 550 S.W.2d at 662. Although the chancery court proceedings do not appear to involve torts, but rather partition, dissolution, contractual, and quasi-contractual claims,

the Tennessee General Assembly has generally codified the supreme court's directive to apply to all "independent actions" that "involv[e] liability of the estate":

> [W]henever there is instituted in any other court of competent jurisdiction an independent suit against a personal representative involving liability of the estate, and a claim founded on the same cause of action is or has been filed against the estate in the manner provided in §§ 30-2-307 and 30-2-308, which claim has not been adjudicated by the court in which the administration is pending, the court in which the administration is pending shall hold in abeyance any action on the claim until the final determination of the independent suit, whereupon, on the filing of a certified copy of the final judgment or decree with the clerk of the court in which the administration is pending, that court is authorized to enter judgment accordingly.

Tenn. Code Ann. § 30-2-315(c)(1). Consequently, a claim based upon a pending independent action does not become final; instead, the trial court is directed to "hold in abeyance any action on the claim until the final determination of the independent suit." Tenn. Code Ann. § 30-2-315(c). Where a matter is held in abeyance pending further proceedings, the claim cannot be considered final for purposes of Rule 3. *See Knox Cty., Ex Rel. Smithers v. Lunsford*, No. 89365, 1988 WL 74234, at *2 (Tenn. Ct. App. July 19, 1988) (holding that no final judgment had been entered so as to vest jurisdiction in this Court because the trial court held the matter of whether to grant a permanent injunction in abeyance pending future proceedings). The fact that no exception was filed by Appellants to dispute Appellees' claim does not alter this result. *See Coin Automatic*, 375 S.W.2d at 861 (declining to find a final judgment on a claim involving an independent breach of contract action where the independent action had not yet been finally resolved despite the fact that no exception was filed to the claim).

Here, there is no dispute that Appellees filed timely notice of their claim involving the independent chancery court proceedings by filing certified copies of the substitution orders in the probate action pursuant to Tennessee Code Annotated section 30-2-320. There is also no dispute that no final judgment has been entered in the chancery court proceedings. Consequently, "any action on the claim" was held in abeyance pending resolution of the chancery court proceedings and no final order may be entered thereon. Thus, even where no timely exception was filed to a creditor's claim, the claim does not "ripen into a judgment" until the creditor's "damages, if any, have [] been ascertained." *Coin Automatic*, 375 S.W.2d at 861 ("We believe it would be dangerous to establish a precedent whereby a claim for damages, not yet ascertained, can be filed with the Administrator of the estate who neglects to except to same within the time required by law, to allow a claim of this type to ripen into a judgment against which there is no relief."). As such, the claim at issue in this case has not been finally adjudicated so as to confer jurisdiction on this Court for purposes of Rule 3 of the Tennessee Rules of Appellate Procedure.

Finally, we note that although Appellants seek to frame the issue in this appeal as involving Appellees' claim against the estate, the true issue presented by this appeal is not the validity of Appellees' claim, but rather the trial court's decision to exclude Appellants' chosen counsel from continued representation in this ongoing estate matter, rather than merely with regard to Appellees' claim against the estate. Orders of disqualification, however, are generally not considered final orders subject to immediate appeal. For example in *Hawk v. Hawk*, No. E2015-01333-COA-R3-CV, 2016 WL 901518 (Tenn. Ct. App. Mar. 9, 2016), this Court held that an order denying a motion to recuse counsel was not a final order subject to immediate appeal because matters remained pending in the trial court. *Id.* at *11. Indeed, it appears that Tennessee courts generally review questions of attorney disqualification in one of two ways: (1) in an interlocutory or extraordinary appeal, for which no final judgment is necessary; or (2) following final judgment. *See, e.g, Clinard v. Blackwood*, 46 S.W.3d 177, 181 (Tenn. 2001) (considering an attorney disqualification issue in the posture of an interlocutory appeal); *Hawk*, 2016 WL 901518, at *11 (considering the denial of a disqualification motion after final judgment); *Carter v. Carter*, No. M2013-00193-COA-R3-CV, 2013 WL 5568360, at *1 (Tenn. Ct. App. Oct. 7, 2013) (considering the disqualification of mother's counsel following final judgment); *Joiner v. Joiner*, No. E2005-01619-COA-R10-CV, 2005 WL 2805566, at *1 (Tenn. Ct. App. Oct. 27, 2005) (considering an attorney disqualification issue in the posture of an extraordinary appeal); *Hoalcraft v. Smithson*, No. M2000-01347-COA-R10-CV, 2001 WL 775602, at *1 (Tenn. Ct. App. July 10, 2001) (same); *Whalley Dev. Corp. v. First Citizens Bancshares, Inc.*, 834 S.W.2d 328, 329 (Tenn. Ct. App. 1992) (considering an attorney disqualification issue in the posture of an interlocutory appeal); *Hilton v. Miller*, No. 03A01-9102CV33, 1991 WL 261872, at *1 (Tenn. Ct. App. Dec. 13, 1991) ("The Tennessee Rules of Appellate Procedure, of course, permit interlocutory appeals in appropriate cases, including orders disqualifying counsel."). As pointed out by Appellees in their brief, other courts outside our jurisdiction have come to similar conclusions. *See, e.g., Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430, 105 S. Ct. 2757, 2761, 86 L. Ed. 2d 340 (1985) ("An order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation."); *Burger & Burger, Inc. v. Murren*, 202 Conn. 660, 669, 522 A.2d 812, 816 (Conn. 1987) (holding that an attorney disqualification order is not a final order that is immediately appealable as of right); *Acierno v. Hayward*, 859 A.2d 617, 619 (Del. 2004) (holding that an attorney disqualification order is interlocutory and not immediately appealable as of right); *In re Estate of French*, 166 Ill. 2d 95, 103, 651 N.E.2d 1125, 1129 (Ill. 1995) ("[T]rial court's disqualification order in the instant proceeding was not a final order and that as a result no immediate appeal could be taken therefrom."). In contrast, Appellants have failed to cite a single case in which a disqualification order was considered final and immediately appealable as of right where other matters were pending resolution in the trial court.

In conclusion, neither the estate as a whole nor the very claim at issue between the parties that gives rise to the dispute in this case have been finally adjudicated, but rather

this case has been held in abeyance pending resolution of the independent chancery court proceedings that constitute Appellees' claim. The trial court's order disqualifying Attorney Callahan resolves only the issue of Appellants' counsel in the proceedings to come. This order therefore cannot constitute a final order under Rule 3 of the Tennessee Rules of Procedure. Appellants have not requested, nor has this Court granted, any appeal from a non-final judgment pursuant to Rule 9 or 10 of the Tennessee Rules of Appellate Procedure. This Court has no jurisdiction to adjudicate this appeal in the absence of a final judgment. *See **Bayberry***, 783 S.W.2d at 559.

## CONCLUSION

Because Appellants have appealed from a non-final judgment, this appeal is dismissed. The pending motion to dismiss this appeal is therefore granted. Costs of this appeal are taxed to Appellants and their surety.

_____
J. STEVEN STAFFORD, JUDGE