IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 7, 2021 Session

## 300 KATE STREET PARTNERS, LLC v. NIS TRADING, INC. D/B/A NIS CONSTRUCTION

**Appeal from the Chancery Court for Davidson County**
No. 19-770-II          Anne C. Martin, Chancellor
_____

**No. M2020-01253-COA-R3-CV**
_____

A foreign corporation sought to have a default judgment entered against it set aside on the basis that service of process was ineffective, rendering the judgment void. Because the proof before the court at the time it entered the default fails to demonstrate that service by mail complied with Rule 4 of the Tennessee Rules of Civil Procedure, we reverse the judgment of the trial court, vacate the default judgment, and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

ANDY D. BENNETT, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

J. Ross Pepper and Lara B. Ford, Nashville, Tennessee, for the appellant, NIS Trading, Inc.

James C. Bradshaw, III, and Meredith L. Eason, Nashville, Tennessee, for the appellee, 300 Kate Street Partners, LLC.

## OPINION

This case examines service of process by mail on an out-of-state defendant's registered agent. The Plaintiff in this suit is 300 Kate Street Partners, LLC ("Kate Street"), which owns an apartment building, located at 300 Kate Street in Madison, Tennessee that was damaged by a fire in October 2016. Kate Street entered into a contract in July 2017 with NIS Construction, which was the trade name of NIS Trading, Inc. ("NIS"), a Texas corporation, to restore the building. Kate Street filed a complaint against NIS on June 25,

2019, alleging causes of action for breach of contract, negligence, intentional and negligent misrepresentation, fraud, and violation of the Tennessee Consumer Protection Act arising out of NIS's failure to complete its work on the building.[1]

Because service of process is at issue in this appeal, we must review some rather mundane facts. As required by statute, NIS designated a registered agent. NIS's registered agent at all times material to this action was United States Corporation Agents, Inc. ("USCA"). The original summons was issued on June 25 and sent with the complaint by certified mail to NIS at USCA's address on Volunteer Drive in Chattanooga. The documents were returned unserved on August 12, with an unsigned "Domestic Return Receipt" attached.[2] Kate Street then obtained an alias summons,[3] which was sent by certified mail to USCA on August 13, 2019, to an address on Cromwell Road in Chattanooga. The return on service of summons by mail was completed on September 3 and indicates that the U.S. Postal Service's ("USPS" or "postal service") tracking number for the item was 70170190000037952960 and that the return receipt was signed by "Unknown" on August 15. No green "Domestic Return Receipt" card was attached; instead, two pages of USPS tracking information from the website of the USPS were attached to the return. The tracking information does not contain a signature or printed name of the person who received the summons or complaint or identify whether that person was the addressee or an agent, as would typically be indicated on the green card. Instead, the tracking information contains a tracking number and states that the "item was delivered to an individual at the address at 1:38 p.m. on August 15, 2019 in Chattanooga, TN 37421."

Kate Street moved for a default judgment in November 2019 on the basis that NIS had been served by certified mail but had failed to file a responsive pleading. The motion was sent to NIS at the registered agent's address. The court awarded a default judgment to Kate Street on December 11, 2019, and set the matter for a final hearing to determine

---

[1] At the time Kate Street brought this lawsuit, NIS had already initiated a lawsuit for breach of contract against Kate Street and another entity in Texas for claims arising out of the same contracts. Exhibit 4 to the appellate record in this case indicates that the Texas suit was resolved when summary judgment was granted against NIS.

[2] This form is also titled "PS Form 3811" and is referred to by the parties in this litigation and in various other Tennessee cases as the "return receipt" or "green card." The sender completes part of the form by filling in the address of the recipient and checking the boxes for the "Service Type." On the unsigned return receipt present in the record, the boxes for "Adult Signature" and "Certified Mail®" are checked. Also, a 20-digit "article number" is preprinted on the card. Another section of the return receipt contains spaces for the signature and printed name of the individual who receives the items, a check box for that person to indicate whether they are the "addressee" or "agent" of the addressee, and the date the item was delivered. Only the delivery date is filled in, bearing the handwritten date of "6/28/2019."

[3] An "alias summons" is defined as "[a] second summons issued after the original summons has failed for some reason." BLACK'S LAW DICTIONARY (11th ed. 2019).

damages. After the hearing on damages, at which NIS did not appear, the trial court entered an order on January 27, 2020, awarding Kate Street a total of $1,334,300.95 in damages: $416,921.11 in compensatory damages, which the court trebled for NIS's "intentional or knowing violation of the Tennessee Consumer Protection Act," plus $83,414.62 in attorney's fees.

Six months later, on July 24, 2020, NIS filed a motion to set aside the default judgment, pursuant to Rule 60.02(3) of the Tennessee Rules of Civil Procedure, on the basis that the judgment was void "[b]ecause [Kate Street] did not serve [NIS] with summons and a copy of the complaint" in accordance with Rule 4 of the Tennessee Rules of Civil Procedure. Attached as exhibits to its memorandum of law in support of the motion, NIS filed the declaration of its owner, the affidavit of its Texas counsel, and the return on service of the alias summons. In his sworn declaration, NIS's owner stated that he had no knowledge or notice of the lawsuit until July 2, 2020, when he was emailed a copy of a "Petition to Enforce Foreign Judgment" which had been filed on behalf of Kate Street in a Texas court to collect on the judgment entered by the Davidson County Chancery Court. He also stated that "[n]either NIS, anyone authorized to accept service on behalf of NIS, nor myself personally, were ever served with a copy of the summons or verified complaint . . . ." NIS's attorney stated in his affidavit that he was never asked to accept or waive service of the complaint, nor was he ever provided a copy of the complaint.

Kate Street responded, relying on its counsel's affidavit and additional information from the postal service. The trial court held a hearing and subsequently entered an order on August 20, 2020, in which it found that "it was not disputed that [the summons and complaint] were delivered, nor was it disputed that they were delivered to the registered agent of [NIS]." Thus, the court found that "acceptance occurred by an individual at the registered agent's office." Having found that service was valid, the court denied the motion to set aside the default judgment. NIS timely appealed and raises the following issues for our review:

1. Whether the trial court erred in finding that Kate Street met its burden of proving that NIS was properly served with the summons and complaint, and thus, whether it erred in entering a default judgment against NIS?
2. Whether the trial court erred in failing to grant NIS's motion to set aside the default judgment entered by the trial court?

STANDARD OF REVIEW

Ordinarily, this Court reviews a trial court's ruling on a motion for relief from a final judgment under the abuse of discretion standard. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012). However, the trial court's decision on a Rule 60.02(3) motion is reviewed pursuant to the de novo standard, with no presumption of correctness, as the question of whether a court has personal jurisdiction over a defendant involves a

question of law to which de novo review applies. *Turner v. Turner*, 473 S.W.3d 257, 268 (Tenn. 2015) (citing *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 645 (Tenn. 2009)); *see also Amresco Independence Funding, LLC v. Renegade Mountain Golf Club, LLC*, No. E2014-01160-COA-R3-CV, 2015 WL 1517921, at *2 (Tenn. Ct. App. Mar. 31, 2015) (noting that "sufficiency of service of process, is a question of law, which is reviewed *de novo* by this Court without a presumption of correctness.") (citing *State ex rel. Barger v. City of Huntsville*, 63 S.W.3d 397, 398-99 (Tenn. Ct. App. 2001)). The party requesting relief from such a judgment must "establish by clear and convincing evidence that the judgment was void." *Hussey v. Woods*, 538 S.W.3d 476, 485 (Tenn. 2017). Clear and convincing evidence leaves "no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992). "Any factual findings a trial court makes shall be reviewed de novo, with a presumption of correctness, unless the evidence preponderates otherwise." *Turner*, 473 S.W.3d at 269.

## ANALYSIS

"The law does not favor default judgments because the interests of justice are ordinarily best served by trials on the merits." *Karr v. Gibson*, No. 01A01-9605-CH-00220, 1998 WL 57536, at *2 (Tenn. Ct. App. Feb. 13, 1998) (citing *Tenn. Dep't. of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn.1985); *Coin Automatic Co., Inc. v. Estate of Dixon*, 375 S.W.2d 858, 862 (Tenn. 1963)). Rule 55.02 of the Tennessee Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02."[4] "Motions to set aside default judgments are construed liberally in favor of granting the relief requested." *Boatmen's Bank of Tenn. v. Dunlap*, No. 02A019607-CH-00166, 1997 WL 793507, at *7 (Tenn. Ct. App. Dec. 30, 1997) (citing *Barbee*, 689 S.W.2d at 867).

Generally, there are two ways of obtaining relief from a default judgment. "Most commonly, the movant sets forth facts explaining why it is entitled to relief and demonstrating that it has a meritorious defense to the underlying action[; . . .] a default judgment can also be set aside upon proof in accordance with Tenn. R. Civ. P. 60.02(3) that

---

[4] Rule 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. . . .

the judgment itself is void." *Third Nat'l Bank of Nashville v. Estes*, No. 85-142-II, 1986 WL 3155, at *4 (Tenn. Ct. App. Mar. 12, 1986) (citing *Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100-01 (Tenn. 1984); *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn. 1978)).

"Because the trial court's jurisdiction of the parties is acquired by service of process, proper service of process is an essential step in a proceeding." *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008) (citing *Stitts v. McGown*, No. E2005-02496-COA-R3-CV, 2006 WL 1152649, at *2 (Tenn. Ct. App. May 2, 2006)). "'Service of process must strictly comply to Rule 4 of the Tennessee Rules of Civil Procedure.'" *Id.* (quoting *Wallace v. Wallace*, No. 01A01-9512-CH-00579, 1996 WL 411627, at *2 (Tenn. Ct. App. July 24, 1996)); *see also In re Beckwith Church of Christ*, No. M2015-00085-COA-R3-CV, 2016 WL 5385853, at *3 (Tenn. Ct. App. Sept. 23, 2016). If service fails to comply with Rule 4, it is void and may not serve as the basis of a default judgment. *Ramsay v. Custer*, 387 S.W.3d 566, 569 (Tenn. Ct. App. 2012) ("[S]ervice of process that does not meet the requirements of Rule 4 is void and a judgement [sic] based on void service is a void judgment."); *see also Overby v. Overby,* 457 S.W.2d 851, 852 (Tenn. 1970).

In light of the above authority, for the default judgment against NIS to be upheld, the record must show that Kate Street met all procedural requirements for service by mail, which are set forth in Rules 4.03, 4.04, and 4.05 of the Tennessee Rules of Civil Procedure. Pertinent to this case, Rule 4.04 provides that service by mail on a foreign corporation doing business in this state shall be made "by delivering a copy of the summons and of the complaint to . . . any other agent authorized by appointment or by law to receive service on behalf of the corporation." TENN. R. CIV. P. 4.04(4). Rule 4.04(10) states that "[s]ervice by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute." Rule 4.05, which addresses service on defendants outside of the State of Tennessee, contains similar requirements with respect to service by mail, specifically that it cannot be the basis for a default judgment unless the record contains a return receipt showing personal acceptance by the defendant or the defendant's designated agent. TENN. R. CIV. P. 4.05(6). Key to our analysis of the facts of this case is Rule 4.03, which provides that when process is served by mail, "[i]f the return receipt is **signed by the defendant, or by a person designated by Rule 4.04 or by statute**, service on the defendant shall be complete." TENN. R. CIV. P. 4.03(2) (emphasis added).

In practical terms, service by mail requires the following:

> Pursuant to Tenn. R. Civ. P. 4.03, the lawyer and the U.S. Postal Service undertake the tasks of service of process when service by mail is chosen. There are five steps: (1) The summons (process) is issued for mailing. The court clerk files the summons and records the filing. The court clerk signs and dates the original summons. A copy of the summons is certified. Both the original summons and the certified summons are provided to the lawyer.

- 5 -

(2) The lawyer keeps the original summons. The certified summons and a copy of the complaint are mailed to the defendant by certified or registered mail. Return receipt is requested. (3) The green card showing receipt is returned to the lawyer by the U.S. Postal Service. This card is attached to the original summons. (4) The lawyer fills out the affidavit on the summons. The lawyer records in the proper spaces, the date the process and complaint were sent certified mail to the defendant and the date the lawyer received the attached certified receipt in the law office. (5) The original summons, with green card and affidavit affixed, is filed with the court clerk.

Nancy Fraas Maclean, et al., *Tennessee Practice—Rules of Civil Procedure Annotated* § 4.8 (4th ed. 2020).

In this case, NIS is a foreign corporation authorized to transact business in this State and thus was required to name a registered agent. Tenn. Code Ann. § 48-25-107. Tennessee Code Annotated section 48-25-110(a) provides that "[t]he registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the foreign corporation." NIS chose a corporation, USCA, to serve as its registered agent. In *Rubio v. Precision Aerodynamics, Inc.*, 232 S.W.3d 738, 743 (Tenn. Ct. App. 2006), this Court stated:

If a corporation is designated to serve as its registered agent, the registered agent must, as a matter of necessity, appoint others to serve as subagents to fulfill the purpose of the registered agent statute, which is to receive service of process on behalf of the defendant corporation. It must therefore be anticipated that a registered agent may authorize subagents to perform and fulfill its responsibilities as the registered agent.

The parties do not dispute that USCA is the registered agent for service of process for NIS or that the alias summons and complaint were sent to USCA's correct address. NIS argues that the lack of the green card showing personal acceptance by a person authorized to accept service on behalf of NIS renders the default judgment void. Kate Street argues that "under Tenn. R. Civ. P. 4[.]05, all that is required of Plaintiff to perfect service on a registered agent is that the mailing was sent to the correct entity at the correct address."

We find Kate Street's argument unavailing. Rule 4, read as a whole, requires not only proof of sending the documents to the correct entity at the correct address, but also evidence of personal acceptance, in the form of a signature, by the defendant or a person given the authority to accept service on the defendant's behalf in order for service by mail to be effective. *See* TENN. R. CIV. P. 4.03(2); *Amresco Independence Funding*, 2015 WL 1517921, at *2 (observing that, notwithstanding the language of Rule 4.05(5) that service is complete upon mailing, Rule 4 must be considered and applied as a whole, so the

requirements of other parts of Rule 4, such as 4.03(2), 4.04(10), must also be met; thus, "tendering the certified mail card evidencing mailing of certified mail whether received or not, is not sufficient to establish service of process.")

In support of their respective arguments, both parties devote much space in their briefs to the case of *Herring v. Interstate Hotels, Inc.*, No. W1999-01055-COA-R3-CV, 2000 WL 34411154, (Tenn. Ct. App. Aug. 14, 2000).[5] In *Herring*, a default judgment was entered against the defendant hotel, a foreign corporation whose registered agent was also a corporation. *Id.* at *2. On appeal, this Court considered whether the trial court abused its discretion in denying the defendant's motion to set aside the default judgment. *Id.* at *4. This Court concluded that the registered agent was served "[a]s evidenced by the signature 'M. Hall' on the green card." *Id.* at *2. The registered agent apparently failed to forward the complaint and summons to the defendant, but this Court observed that "this alleged failure of [the registered agent] was not the result of any fault on the part of [the plaintiff,]" who had gone to "great lengths" to identify the correct name and address of the registered agent. *Id.* This Court affirmed the trial court's denial of the motion to set aside the default judgment under Rule 60.02(1), concluding that there was no mistake, and that any neglect on the part of C.T. Corporation in failing to forward the summons and complaint was attributable to the defendant hotel. *Id.* at *4.

*Herring* is distinguishable from the case at bar. Procedurally, the basis of the motion for relief from the final judgment is different. The defendant in *Herring* relied on Rule 60.02(1), arguing that its failure to file an answer was the result of a mistake or excusable neglect. *Id*. A trial court's decisions on motions premised on Rule 60.02(1) are reviewed under the more deferential abuse of discretion standard. In this case, NIS has relied on Rule 60.02(3) as the basis of its motion to set aside the default judgment. Because we are determining whether the default judgment is void for lack of personal jurisdiction, we must "limit[] [the] consideration to the face of the default judgment itself and the record of the

---

[5] NIS also relies on several federal cases interpreting Rule 4.04 to argue that service was ineffective in this case. In *Cunningham v. Select Student Loan Help, LLC*, No. 3:15-CV-00554, 2016 WL 7368595, at *8 (M.D. Tenn. Dec. 20, 2016), *report and recommendation adopted sub nom. Cunningham v. Select Student Loan Help, LLP*, No. 3:15-CV-00554, 2017 WL 10399393 (M.D. Tenn. May 25, 2017), the summons and complaint were sent to the defendant's registered agent, but the person who accepted the documents and signed the green card did not identify whether she was the agent or addressee. *Id.* at *8. Additionally, the proof of service did not specify when process was put in the mail. *Id.* The default judgment against that defendant was overturned for insufficient service of process. *Id.* at *8, *10. NIS also relies on the case of *Dodson v. Harrington & King Perforating Co., Inc.*, No. 1:15-CV-287-HSM-CHS, 2016 WL 7665587 (E.D. Tenn. Aug. 19, 2016), in which the green card was not returned, so a USPS tracking document printed out from the postal service's website was attached to the service of summons. Strikingly similar to the tracking document submitted in this case, it did not bear a signature indicating receipt of the summons and complaint, nor did it list a street address. *Id.* at *1. The district court found that service was improper and set aside the default judgment because "[t]here [was] no return receipt evincing personal acceptance[; t]hus service was not proper under Tennessee law." *Id.* at *3.

proceedings from which the judgment emanated." *Turner*, 473 S.W.3d at 275 (observing that the non-moving party could not supply evidence in response to a Rule 60.02(3) motion in an effort to validate a void judgment and that the court was not to engage in a post hoc determination of whether the non-moving party had satisfied its burden to demonstrate compliance with procedural rules governing service prior to moving for default.). "If the defect allegedly rendering the challenged judgment void is not apparent from the face of the judgment or the record of the proceeding from which the challenged judgment emanated and must instead be established by additional proof, the judgment is merely voidable, not void." *Id*. at 271 (citing *Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn. 2013)). Accordingly, we must only consider the materials in the record up through the default judgment itself. Therefore, the evidence filed by Kate Street in response to the motion to set aside the default judgment is immaterial and should not have been considered by the trial court.[6]

This case also differs from *Herring* factually. In *Herring*, the trial court had an actual green card before it that bore a signature, evidencing personal acceptance of the summons and complaint. In this case, at the time the trial court considered the motion for default judgment, the only documents before it were the return on service of summons, which states that it was served on an "unknown" individual and referenced an attached USPS tracking document, which contains a twenty-digit tracking number and states that "[y]our item was delivered to an individual at the address at 1:38 p.m. on August 15, 2019, in Chattanooga, TN 37421." Most troubling is the fact that the tracking information submitted to the court contained no signature or other information that could normally be gleaned from the customary return receipt, and Kate Street did not obtain that information from the USPS or provide an affidavit detailing its diligent efforts to procure such information from the USPS before it filed its motion for default judgment.

---

[6] In response to NIS's motion to set aside the default judgment, Kate Street filed a sworn affidavit from its attorney, in which he stated, "We did not receive a copy of the green card back from the post office but confirmed delivery via the online print out from USPS, a copy of which was filed with the Court." The attorney further stated that, in response to NIS's motion to set aside the default judgment, Kate Street's attorney contacted USPS and obtained "the image of the delivery signature that was stored on the USPS internal intranet"; the image of that signature was filed with the court as an exhibit to the affidavit. The signature is largely illegible but appears to possibly be "Shelley W." (or "W. Sneller," as the trial court found). Kate Street also submitted a certified copy of the Tennessee Secretary of State's records concerning NIS and USCA's address.

Similarly, NIS's owner's declaration, filed in support of the motion to set aside the default judgment, is immaterial. In it, he stated that "[n]either NIS, anyone authorized to accept service on behalf of NIS, nor myself personally, were ever served with a copy of the summons or verified complaint." NIS's attorney offered similar statements. These statements are insufficient to prove that service was not effective, as the fact that the summons and complaint did not reach NIS does not, in and of itself, establish that delivery was not achieved on the registered agent. *See Herring*, 2000 WL 34411154 at *2.

Rule 4.03(2) states that service by mail "shall be complete" when "the return receipt **is signed** by the defendant, or by a person designated by Rule 4.04 or by statute." (Emphasis added.) Rule 4.04(10) states that "[s]ervice by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute." The record must establish that Kate Street complied with the requisite procedural rules for service to be effective. *Turner*, 473 S.W.3d at 271. The face of the record through the default judgment clearly and convincingly establishes that the return on service of summons and its attached tracking information did not provide the necessary information contemplated by Rule 4.03(2) or 4.04(10). Without a signature demonstrating receipt at the appropriate address, there is no evidence from which to conclude that strict compliance with Rule 4 was established such that the court had jurisdiction over NIS. The default judgment is therefore void.

Upon our conclusion that a default judgment should not have been entered, we necessarily conclude that the trial court should have granted NIS's motion to set aside the default judgment.

CONCLUSION

We reverse the judgment of the trial court, vacate the default judgment, and remand for further proceedings. Costs of this appeal are assessed against the appellee, 300 Kate Street Partners, LLC, for which execution may issue if necessary.

_/s/ *Andy D. Bennett*_____
ANDY D. BENNETT, JUDGE